**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellant,**

v.

**Gary Dean SHEDD,**
**Defendant-Appellee.**

**No. 84SA106.**

Supreme Court of Colorado,
En Banc.

July 1, 1985.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy, Brighton, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Shelley Gilman, Saskia A. Stephenson, Deputy State Public Defenders, Brighton, for defendant-appellee.

---

11. *Supra* note 3.

PER CURIAM.

The prosecution appeals an order of the Adams County District Court dismissing an information filed against the defendant, Gary Dean Shedd. We affirm.

■ The facts in this case are undisputed. On February 15, 1983, the prosecution filed an information charging the defendant with sexual assault on a child. § 18–3–405, 8 C.R.S. (1978). The information alleged that the defendant committed the sexual assault between September 1 and December 31, 1977. The defendant thereafter moved to dismiss the case, asserting that the three-year statute of limitations barred prosecution. § 16–5–401, 8 C.R.S. (1978). At the hearing on defendant's motion to dismiss, the prosecution argued that in July of 1982 the Colorado General Assembly increased the period of limitations for sexual assault on a child from three years to ten years. §§ 16–5–401(6) & 18–3–411(2), 8 C.R.S. (1984 Supp.). The prosecution maintained that the new statute of limitations revived the court's jurisdiction to hear the case. The district court granted the defendant's motion to dismiss. The court concluded that the three-year limitations period had expired prior to the enactment of section 16–5–401(6), and that the new ten-year statute of limitations did not revive the court's jurisdiction to hear the case. We agree.

■ A case barred from prosecution by a statute of limitations cannot be revived by subsequent legislation that acts to extend the limitations period. *E.g., People v. Montera,* 195 Colo. 118, 575 P.2d 1294, 1295, n. 3 (1978); *United States v. Richardson,* 512 F.2d 105 (3d Cir.1975); *Falter v. United States,* 23 F.2d 420 (2d Cir.1928); *People v. Liebling,* 36 Ill.App.3d 1073, 344 N.E.2d 520 (1976); *Andrews v. State,* 392 So.2d 270 (Fla.App.1980). Retroactive application of a statute of limitations to revive a previously barred prosecution violates the fundamental constitutional prohibition against *ex post facto* legislation.

The district court's order dismissing the defendant's case is therefore affirmed.