COMMONWEALTH *vs.* FRANCIS A. ROCHELEAU.

Worcester. December 9, 1988. — February 13, 1989.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Limitations, Statute of. Statute,* Retrospective statute.

The 1985 amendment to G. L. c. 277, § 63, that extended the statute of limitations for certain criminal offenses to ten years was not retroactively applicable to offenses the prosecution of which was already time-barred, under the previously effective statute of limitations, on the date the new statute of limitations became effective. [130-131]

INDICTMENTS found and returned in the Superior Court Department on July 15, 1987.

A question of law was reported to the Appeals Court by *Herbert F. Travers, Jr.,* J. The Supreme Judicial Court transferred the case on its own initiative.

*Eric Brandt,* Committee for Public Counsel Services, for the defendant.

*Katherine E. McMahon,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. A Worcester County grand jury returned two indictments charging the defendant, Francis A. Rocheleau, with unnatural sexual intercourse with a child under sixteen years of age. The defendant moved to dismiss the indictments, arguing that the statute of limitations had run and that a subsequent amendment extending the statutory period did not apply retroactively to the charges. A Superior Court judge, pursuant to Mass. R. Crim. P. 34, 378 Mass. 905 (1979), reported the question raised by the defendant's motion to the Appeals Court. We took the reported question on our own motion.

The parties filed a stipulation of facts for the reported question. The offenses which are subjects of the indictments allegedly occurred on or about August 15, 1977, and February 15, 1979. The indictments were returned on July 15, 1987.

General Laws c. 277, § 63, as amended by St. 1955, c. 781, § 1, imposed a six-year limitation period for violations of G. L. c. 265, § 23. The six-year period for the 1977 offense expired on August 15, 1983, and on February 15, 1985, for the 1979 offense. General Laws c. 277, § 63, however, was amended by St. 1985, c. 123, which extended the limitation period to ten years.[1] The ten-year period expired on August 15, 1987, for the 1977 offense and will expire on February 15, 1989, for the 1979 offense.

The Superior Court judge reported the following question: "Whether G. L. c. 277, § 63, as amended by 1985 Mass. Acts c. 123, is a bar to the prosecution of July 1987 indictments alleging violations of G. L. c. 265, § 23, which violations allegedly occurred on August 15, 1977, and February 15, 1979."

This case presents an issue distinct from that addressed in *Commonwealth* v. *Bargeron*, 402 Mass. 589 (1988), where this court, by a divided vote, applied "a subsequent statute of limitations to offenses *not already time-barred* when the new statute of limitations becomes effective" (emphasis added). *Id.* at 592.

In this case, the six-year time limitation expired in August, 1983, and February, 1985, respectively, for the two offenses. Statute 1985, c. 123, which extended the time limitation to ten years was approved on July 2, 1985, and made effective ninety days thereafter. Thus, the statute of limitations was extended by an amendment more than seven months *after* the indictments were time-barred under the then effective statute of limitations. The indictments cannot stand. See *Bargeron*, *supra* at 592 n.1, citing *People* v. *Smith*, 171 Cal. App. 3d 997 (1985) (prosecution was timely based on double extension of statute of limitations where each extension was effective before then applicable limitations period had run); *People* v. *Whitesell*,

---

[1] General Laws c. 277, § 63, was again amended by St. 1987, c. 489, requiring that "the period of limitation for prosecution shall not commence until the victim has reached the age of sixteen or the violation is reported to a law enforcement agency, whichever occurs earlier."

729 P.2d 985 (Colo. 1986) (amendment extending applicable statute of limitations applied to all offenses not time-barred as of its effective date); *People* v. *Massarella*, 80 Ill. App. 3d 552 (1979) (legislature can extend statute of limitations as long as original has not expired), cert. denied, 449 U.S. 1077 (1981); *People* v. *Liebling*, 36 Ill. App. 3d 1073 (1976) (court held defendant could be prosecuted under the new statute of limitations because reclassification of crimes occurred before expiration of original statutes); and other cases cited.

Prosecution of July, 1987, indictments alleging violations of G. L. c. 265, § 23, occurring on August 15, 1977, and February 15, 1979, is barred. We answer the reported question: "Yes." The indictments must be dismissed.

*So ordered.*