

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-1402-09

WILLIAM RAY PHILLIPS, Appellant

v.

THE STATE OF TEXAS

ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE TENTH COURT OF APPEALS
MCLENNAN COUNTY

**COCHRAN, J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON and ALCALA, JJ., joined. KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined. MEYERS, J., did not participate.**

## O P I N I O N

Appellant was convicted of twelve counts of sexual offenses against his daughter that occurred in 1982 and 1983. But prosecution under the 2007 indictment charging appellant was absolutely barred by the statute of limitations in 1993. These charges could not be resurrected by a 1997 statute extending the statute of limitations for sexual offenses. No one–not the trial judge, the prosecutor, the defense, or the court of appeals–recognized this

constitutional *ex post facto* violation.  Because this is an important constitutional issue that will undoubtedly recur given the even more recent statutory elimination of the statute of limitations for some sexual offenses, we granted appellant's petition for discretionary review.[1]  Although the State Prosecuting Attorney (SPA) agrees that the statute of limitations had run before appellant's indictment, she argues that appellant failed to preserve this issue for appeal because he did not object in the trial court.  We reaffirm our prior opinions that have stated that an absolute statute-of-limitations bar is not forfeited by the failure to raise it in the trial court.  We reverse the court of appeals, which held that appellant's prosecution was not barred.[2]

## I.

S.P. ran into her father, appellant, in 2005 when she was 26 and going to school in Waco.  He, too, was living in Waco.  She was scared because appellant had sexually abused

---

[1] Appellant's three grounds for review read as follows.

1.  Did the [intermediate] appellate court improperly apply the decision in *Stogner v. California*, 539 U.S. 607 (2003) allowing convictions for offenses which had been extinguished by the running of limitations and thereby violate the *ex post facto* provisions of the Texas and Federal Constitutions?

2.  Did the [intermediate] appellate court improperly interpret the *ex post facto* and *retroactive* law prohibitions of the Texas and Federal Constitutions and thereby allow convictions for time-barred offenses that contained different elements with different available defenses that had been repealed and were incapable of being prosecuted by the State?

3.  The Court improperly charged the jury as to the correct statute of limitations and thereby caused Petitioner egregious harm and this cause should be remanded for a harm analysis consistent with *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim App. 1984).

Because we agree with appellant on his first ground for review, we dismiss the second and third grounds.

[2] *Phillips v. State*, No. 10-07-00346-CR, 2009 WL 2644430  (Tex. App—Waco Aug. 26, 2009) (not designated for publication).

her when she was a toddler, and she had thought she was rid of him. She did not know what to do. She had gone to the FBI with allegations of abuse before, but she was told that it was too late–that the statute of limitations had run on any offenses occurring in 1982 or 1983, when she was two to four years old. S.P. called the Waco police to find out where her father lived so she "would know where to stay away. I wanted to finish school, but I wanted to feel safe. I didn't know if I could get a protective order." The police suggested that she go to the Advocacy Center in Waco for counseling. She did. One thing led to another, and in 2007 appellant was charged with various sexual offenses against S.P. occurring "on or about" specified dates from September 30, 1982, to November 1, 1983.[3]

It was the State's theory at trial that, because the offenses alleged occurred within three years (the original statute of limitations) of the 1985 amendments to the statute of limitations, the offenses could be carried forward under each successive amendment to the

---

[3] The offenses included aggravated sexual abuse, indecency with a child by contact, indecency with a child by exposure, aggravated rape of a child, and aggravated sexual assault.

The latest offense in the indictment was count 12, alleging an aggravated sexual assault on or about November 1, 1983. Until September 1, 1983, the limitations period was three years. TEX. CODE CRIM. PROC. art. 12.01 (Vernon 1981). Effective September 1, 1983, the limitations period for aggravated sexual assault was increased to five years. Act of May 31, 1983, 68th Leg., R.S., ch. 977, §§ 7, 14, 1983 Tex. Gen. Laws 5317. So, prosecution for count 12 would be barred after November 1, 1988. But before those five years were up, the legislature again extended the statute of limitations. Effective September 1, 1987, the limitations period for aggravated sexual assault of a child was increased to ten years. *See* Act of June 1, 1987, 70th Leg., R.S., ch. 716, §§ 1, 3, 1987 Tex. Gen Laws 2591. So, prosecution for count 12 would be barred after November 1, 1993. The limitations statute was not amended again until 1997, almost four years after this prosecution was barred. Effective September 1, 1997, the limitations period for aggravated sexual assault was "ten years from the 18th birthday of the victim of the offense." Act of May 28, 1997, 75th Leg., R.S., ch. 740, §§ 1, 4, 1997 Tex. Gen. Laws 2403. Because count 12 was already barred at the time the amendment became effective, application of the 1997 amendment violated the *Ex Post Facto* Clause. All of the other alleged offenses, having occurred earlier, were also barred.

1997 limitations period of ten years after the victim's eighteenth birthday. The January 10, 2007 indictment was filed just weeks before S.P.'s twenty-eighth birthday.

At voir dire, the State explained to potential jurors its theory of why prosecution of appellant's twenty-five-year-old crimes was not barred:

> The law used to be, back when I started this, that if we didn't get them indicted within five years after the event occurred that the statute of limitations ran and we couldn't charge them. So that meant the kid had to report it, the investigation had to take place, and we had to get the case to the Grand Jury within five years after it happened or they–they walk. They never get caught.
>
> And then it switched to where it was ten years. We had to get it investigated, the kid had to report it, we had to go to the Grand Jury, and we had to get the charges filed within ten years after the 18th birthday of the victim. Well, do the math, 18 plus ten, you get until they turn 28.
>
> Well, this last fall guess what they did? There's no statute of limitations anymore. It's whenever we want to. And so . . . that's part of the reason why we end up in situations like this because the legislature had continued to make the statute of limitations longer and longer.

At trial, S.P. testified that she had lived with her mother, but, until she was five years old, she regularly visited her father. She recounted several episodes during these visits in which he, and sometimes his friends, would sexually assault her and take pornographic photos of her. The earliest such episode occurred when she was two. The abuse subsided when, at age four, she moved to East Texas.

In her closing argument, the prosecutor argued that any offense occurring before September 1, 1982, was barred by the statute of limitations, but those committed after that date would not be barred because "limitations changed. . . . [I]t changed so anything after that is not barred by the statute of limitations as long as the indictment was returned before [S.P.]

turned 28. And that was January the 26th of 2007."

In his written charge, the trial judge instructed the jury that "the Court has taken judicial notice that the date in the indictment in this case . . . was January 10, 2007, and that the statute of limitations for the offense charged in the indictment is not more than ten years beyond the 18th birthday of [S.P.]." Appellant made no objection to the charge and did not otherwise raise a complaint based on limitations. The jury found appellant guilty on all counts, and sentenced him to the maximum punishment on each.

On direct appeal appellant argued, for the first time, that the *ex post facto* provisions of the Texas and federal constitutions were violated because the applicable limitations period had expired before the 1997 limitations statute became effective. The court of appeals assumed, without deciding, that the *ex post facto* issue was not forfeited and agreed with the State's theory: Because the charged offenses were committed within three years (the original limitations period) of the limitations amendment that took effect in 1985, they could be carried forward under each successive amendment to the 1997 limitations period of ten years after the victim's eighteenth birthday.[4] Appellant petitioned this Court for review, arguing that his offenses had been extinguished by the running of limitations and could not be revived by the 1997 version of the statute of limitations without violating the *Ex Post Facto* Clause of both the federal and Texas constitutions.

Before this Court, the SPA candidly admits that the State was mistaken at trial and on

[4]*Phillips v. State*, No. 10-07-00346-CR, 2009 WL 2644430, at *2 (Tex. App.—Waco Aug. 26, 2009) (not designated for publication).

direct appeal and agrees with appellant that the statute of limitations had run by 1993.[5] The

SPA argues, however, that because appellant did not object to the limitations bar at trial, he

cannot raise it now.

## II.

**A.      The "Absolute" Right to Be Free from the Application of *Ex Post Facto* Laws.**

**1.        The four *Calder v. Bull* categories.**

An *ex post facto* law is one "passed after the occurrence of a fact or commission of

an act, which retrospectively changes the legal consequences or relations of such fact or

deed."[6] The United States and Texas constitutions both forbid *ex post facto* laws.[7] In 1798,

the Supreme Court set out the four categories of *ex post facto* laws in *Calder v. Bull*:[8]

> 1st. Every law that makes an action done before the passing of the law, and
> which was innocent when done, criminal; and punishes such action. 2d. Every
> law that aggravates a crime, or makes it greater than it was, when committed.
> 3d. Every law that changes the punishment, and inflicts a greater punishment,
> than the law annexed to the crime, when committed. 4th. Every law that alters
> the legal rules of evidence, and receives less, or different, testimony, than the
> law required at the time of the commission of the offence, in order to convict

---

[5] SPA's Brief at 2-3 ("All the parties at trial, and the State and Tenth Court on appeal, believed the statutes of limitations applicable to the twelve counts against appellant were extended by successive amendments to article 12.01 of the Texas Code of Criminal Procedure. They were not. Because the Tenth Court proceeded to mistakenly adopt the State's secondary argument, the threshold issue of preservation must be addressed.").

[6] BLACK'S LAW DICTIONARY 580 (6th ed. 1990).

[7] U.S. CONST. art. I, §§ 9 cl. 3, 10 cl. 1; TEX. CONST. art. I, § 16.

[8] 3 U.S. 386 (1798).

the offender. All these, and similar laws, are manifestly unjust and oppressive.[9]

The *Ex Post Facto* Clause applies not only to laws that are facially retroactive, but also to laws that are applied retroactively.  For example, in *Carmell v. Texas*,[10] the Supreme Court held that a revised version of Texas Code of Criminal Procedure Article 38.07, which lessened "the quantum of evidence required to convict," fell "squarely" into the fourth *Calder v. Bull* category when that law was applied retroactively.[11]  The revised Article 38.07 authorized conviction of certain sexual offenses on the victim's testimony alone, although corroborating evidence had previously been required.[12]  Thus, application of the new law to Carmell–who had committed the offense before the law was enacted–ran afoul of the constitutional prohibition against *ex post facto* laws even though the law itself was not facially retroactive.

Similarly, in *Scott v. State*,[13] Presiding Judge Keller, writing for a unanimous court, held that the *Ex Post Facto* Clause prohibited the use of a successfully completed deferred adjudication to enhance the punishment for a later offense when the statute permitting such an enhancement "did not exist at the time adjudication was deferred."[14]  The defendant had

---

[9] *Id.* at 390-91.

[10] 529 U.S. 513 (2000).

[11] *Id*. at 530-31.

[12] *Id.* at 517-19.

[13] 55 S.W.3d 593 (Tex. Crim. App. 2001).

[14] *Id.* at 595, 597-98.

pled guilty in 1991 to indecency with a child and successfully completed his deferred-adjudication probation.[15]   At that time, the deferred-adjudication statute provided that a successfully discharged probation would not be considered a conviction for purposes of enhancement.[16]  In 1997, the Legislature amended the law to make deferred adjudication for a sex offense count as a prior conviction for purposes of imposing an automatic life sentence for a second sex-offense conviction.[17] Although the statutory amendment was not  facially retroactive–indeed it contained the standard savings clauses–this Court held that its application to the defendant violated the *Ex Post Facto* Clause.

> [W]hen a statute explicitly restricts the collateral consequences of an offense, the defendant is entitled to rely on that restriction.  Punishment for the offense is increased by the removal of the statutory restriction, and such an increase in punishment constitutes an *ex post facto* law.[18]

Applying the *Scott* reasoning in the context of a statute-of-limitations bar, when a statute explicitly restricts the statute of limitations to a particular period–such as, in this case, a total of ten years–the defendant is entitled to rely on that restriction.  Once that period expires, "there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced."[19]  And punishment for such a time-barred offense constitutes an *ex post facto*

---

[15] *Id.* at 595.

[16] *Id.*

[17] *Id.* at 595-96.

[18] *Id*. at 597-98.

[19] *United States v. Marion*, 404 U.S. 307, 322 (1971).

application of the law.

### 2.     The right to be free from the application of *ex post facto* laws is an "absolute" one.

The right to be free from *ex post facto* laws or the *ex post facto* application of a law

is an "absolute" right–a first category *Marin* right.[20] It cannot be waived or forfeited.  In

*Ieppert v. State*,[21] we stated,

> *ex post facto* prohibitions do not merely confer upon the people a waivable or
> forfeitable right not to have their conduct penalized retroactively. Indeed, the
> constitutional prohibition against *ex post facto* legislation is not really an
> individual right at all. It is a categorical prohibition directed by the people to
> their government. Short of a constitutional amendment, the people may not
> waive this prohibition, either individually or collectively, any more than they
> may consent to be imprisoned for conduct which does not constitute a crime.[22]

Thus, in *Ieppert ,*we held that a defendant could raise a claim for the first time on appeal that

his convictions were barred by the *Ex Post Facto* Clause because the statute under which he

was prosecuted had not yet been enacted at the time of his allegedly criminal conduct.

Ieppert had been charged in multiple indictments with aggravated sexual assault of a child

under fourteen.  When he committed the offenses, the applicable statutes required proof of

an element the new statutes that he was prosecuted under did not require–that the offenses

---

[20] *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) ("[O]ur system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request."), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997).

[21] 908 S.W.2d 217 (Tex. Crim. App. 1995).

[22] *Id.* at 220.

be committed "with intent to arouse or gratify the sexual desire of any person."[23]  We held

that prosecution for conduct which was not illegal when committed was not a forfeitable

irregularity.[24]  In 2005, we reaffirmed that the constitutional prohibition of *ex post facto* laws

is a *Marin* category-one, "absolute requirement" that is not subject to forfeiture by the failure

to object.[25]

## B.     Application of a New Law to Revive a Previously Time-Barred Prosecution Violates the *Ex Post Facto* Clause.

Statutes of limitations reflect "a legislative judgment that, after a certain time, no

quantum of evidence is sufficient to convict."[26]  That judgment "typically rests, in large part,

upon evidentiary concerns–for example, concern that the passage of time has eroded

memories or made witnesses or other evidence unavailable."[27] Because statutes of limitations

are measures of public policy "entirely subject to the will of the Legislature," they "may be

changed or repealed without violating constitutional prohibitions against *ex post facto* laws

in any case where a right to acquittal has not been absolutely acquired by the completion of

---

[23] *Id*. (Baird, J., concurring).

[24] *Id.* at 218.

[25] *Sanchez v. State*, 120 S.W.3d 359, 365-66 (Tex. Crim. App. 2003) ("[W]e have recognized three more absolute requirements since *Marin:* a constitutional requirement that a district court must conduct its proceedings at the county seat, the constitutional prohibition of *ex post facto* laws, and certain constitutional restraints on the comments of a judge.") (internal quotation marks and footnotes omitted).

[26] *Stogner v. California*,  539 U.S. 607, 615 (2003).

[27] *Id.*

the period of limitations."[28]

And Texas courts, like all federal circuits that have ruled on the issue, have upheld the constitutionality of extending an unexpired criminal statute of limitations.[29] Thus, a statute of limitations may be extended by the legislature, but a prosecution within the new time period will be permitted only if the limitations period had not already run before the law was changed. In recent years, legislatures have been particularly amenable to such extensions: "In the early 1980s, spurred by a growing societal awareness of and sensitivity to child abuse, both federal and state governments began to enact legislation lengthening the limitations periods for prosecuting child abuse cases."[30] Texas is no exception. As the court of appeals

---

[28] *Vasquez v. State,* 557 S.W.2d 779, 781 n.2 (Tex. Crim. App. 1977) (op. on reh'g) (citing *Hill v. State*, 171 S.W.2d 880 (Tex. Crim. App. 1943)). The rationale for the rule was perhaps best explained by Judge Learned Hand in *Falter v. United States*, 23 F.2d 420 (2d Cir. 1928):

> Certainly it is one thing to revive a prosecution already dead, and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us to have it extended beyond the time first set, or, if it does, the stake forgives it.

*Id.* at 425-26.

[29] *Archer v. State*, 577 S.W.2d 244, 244 (Tex. Crim. App. 1979); *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998) (joining eight other circuits in holding that "extending a limitations period before the prosecution is barred does not violate the *Ex Post Facto* Clause").

[30] Ryan D. Frei, *Case Note, Does Time Eclipse Crime?* Stogner v. California *and the Court's Determination of the* Ex Post Facto *Limitations on Retroactive Justice*, 38 U. RICH. L. REV. 1011, 1012, 1026 (2004) ("Around that time, legislatures nationwide began to realize that child victims of sexual abuse frequently refrain from reporting their abuse to authorities because they are easily manipulated by offenders in positions of authority and trust, and because children have difficulty remembering the crime or facing the trauma it can cause. States that limited the time for prosecuting child sex abuse cases began to significantly augment the time period for filing charges after the

pointed out in this case, the statute of limitations for certain sex offenses expanded from three years to five years to ten years to the 1997 limitations period of ten years after the victim's 18th birthday. Now there is no statute of limitations.[31] But the Texas Legislature did not and could not "resurrect" cases already barred with these newly expanded limitations periods.[32] Indeed, each amendment stated that the revised statute did not apply to an offense

---

abuse.") (internal quotation marks and footnotes omitted).

[31] TEX. CODE CRIM. PROC. art. 12.01 ("no limitation" for "(A) murder and manslaughter; (B) sexual assault under Section 22.011(a)(2), Penal Code, or aggravated sexual assault under Section 22.021(a)(1)(B), Penal Code; (C) sexual assault, if during the investigation of the offense biological matter is collected and subjected to forensic DNA testing and the testing results show that the matter does not match the victim or any other person whose identity is readily ascertained; (D) continuous sexual abuse of young child or children under Section 21.02, Penal Code; (E) indecency with a child under Section 21.11, Penal Code . . .").

[32] Both the State and appellant recognize that the issue concerning the applicability of the statute of limitations deals with a legislative enactment and the application of *ex post facto* laws, not any application of judge-made or judicially abrogated common law. *See Rogers v. Tennesee*, 532 U.S. 451, 462 (2001) (holding that the retroactive application of a judicial decision abolishing the common law "year and a day" rule was not an *ex post facto* violation because that constitutional clause applies to legislative acts–black letter law–not to judicial decisionmaking); *Johnson v. United States*, 529 U.S. 694, 699 (2000) ("The heart of the *Ex Post Facto* Clause, U.S. Const., Art. I, § 9, bars application of a law 'that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed . . . .' To prevail on this sort of *ex post facto* claim, Johnson must show both that the law he challenges operates retroactively (that it applies to conduct completed before its enactment) and that it raises the penalty from whatever the law provided when he acted."); *compare Ortiz v. State*, 93 S.W.3d 79, 91 (Tex. Crim. App. 2002) (distinguishing between the application of *ex post facto* laws enacted by the legislature and the judicial decision-making error in including, in a jury charge, language from a statute that had been amended after the defendant had committed the offense). In *Ortiz*, a capital-murder case alleging the underlying offense of retaliation for harming or threatening to harm another for his "service" as a public servant, the trial judge mistakenly included the phrase "service or status" as a public servant in his jury charge. The retaliation statute had been amended between the offense date and the trial to include a threat to harm another because of his "status" as well as his "service" as a public servant. *Id.* at 91. This error did not constitute an *ex post facto* application of the retaliation statute; the charge was simply "erroneous because it relied on the wrong version of the statute." *Id.* But it did not cause the defendant egregious harm because "[t]here is little difference between a prospective witness' status

if prosecution of that offense had become barred by limitations before the passage of the amended statute.[33]

In *Stogner v. California*,[34] the Supreme Court clarified the application of the *Ex Post Facto* Clause to a criminal statute of limitations. The Court held that a California statute authorizing the prosecution of a "seventy-eight-year-old man for crimes that had been time-barred from prosecution for over twenty-two years was an unconstitutional *ex post facto* law."[35] Stogner had been indicted in 1998 for sex offenses allegedly committed between 1955 and 1973 in California.[36] At that time, a three-year limitations period applied to sex offenses.[37] But in 1993, California passed a new statute allowing prosecution for sex-related child abuse after the limitations period had expired if the prosecution was begun within one

---

and his service." *Id.* at 92. The situation in *Ortiz* would be an *ex post facto* violation under *Johnson* if the retaliation statute did not include protection of "a public servant" at the time Ortiz committed the murder, but the State alleged that the victim was "a public servant."

If, at the time of the offense, the statute did not criminalize retaliation against "a public servant," then any application of that new statute to conduct that had occurred before its enactment would be an *ex post facto* violation of the law.

[33] *Accord*, Act of June 3, 2009, 81st Leg., R.S., ch. 1227, § 42, 2007 Tex. Gen. Laws 3930 ("(a) The change in law made by this Act applies only to an offense committed on or after the effective date of this Act [September 1, 2009]. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before that date. (b) An offense committed before the effective date of this Act is governed by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.").

[34] 539 U.S. 607 (2003).

[35] Frei, *supra* note 30, at 1013.

[36] *Stogner*, 539 U.S. at 609.

[37] *Id.* at 610.

year of the victim's report to police.[38]   The Supreme Court agreed with Stogner that this facially retroactive law that revived a previously time-barred offense violated the *Ex Post Facto* Clause.[39]   It noted that the statute was an unfair extension of a limitations period after the State had "assured a man that he has become safe from its pursuit,"[40] and that it reflected a government refusing both "to play by its own rules" and to give "fair warning" to a man to preserve exculpatory evidence.[41]

The Supreme Court pointed to history and noted that "numerous legislators, courts, and commentators have long believed it well settled that the *Ex Post Facto* Clause forbids resurrection of a time-barred prosecution."[42]   The Court cited an early Texas decision, *State v. Sneed*,[43] in which the Texas Supreme Court stated,

> In this case the bar of the statute of limitations of one year was completed before the code went into operation, by which the period of limitation of prosecutions in such misdemeanors was extended to two years. The state having neglected to prosecute within the time prescribed for its own action, lost the right to prosecute the suit. To give an act of the legislature, passed after such loss, the effect of reviving the right of action in the state, would give it an operation *ex post facto*, which we cannot suppose the legislature

---

[38] *Id.* at 609.

[39] *Id.* at 610.

[40] *Id*. at 611 (citation and internal quotation marks omitted).

[41] *Id*. (citations and internal quotation marks omitted).

[42] *Id.* at 616.

[43] *State v. Sneed*, 25 Tex. 66 (1860).

intended.[44]

Thus, as early as 1860, Texas courts held that the application of an otherwise valid law extending the statute of limitations to an offense that was already time-barred violated the *Ex Post Facto* Clause. The *Stogner* Court concluded that "where courts have upheld extensions of *unexpired* statutes of limitations . . . they have consistently distinguished situations where limitations periods have *expired*." [45]

In *People v. Shedd*,[46] a Colorado case similar to the present one, the defendant was charged with sexual assault of a child, alleged to have occurred between September 1 and December 31, 1977.[47] At that time, the statute of limitations was three years, but in 1982, the legislature increased the limitations period for sexual offenses to ten years. However, because the statute of limitations against the defendant had already expired, at the latest, on December 31, 1980, "the new ten-year statute of limitations did not revive the court's

---

[44] *Id.* at 67.

[45] *Stogner*, 539 U.S. at 618. Texas is no exception. *See Archer v. State,* 577 S.W.2d 244, 244 (Tex. Crim. App. 1979) ("complete defense" accrued under statute of limitations cannot "be taken away by a subsequent repeal or amendment"; however, statute extending limitations period "applies to all offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period, although the old period of limitations has then expired"); *Rose v. State,* 716 S.W.2d 162, 165 (Tex. App.—Dallas 1986, pet. ref'd) ("Where a complete defense has accrued under a statute of limitations, it cannot be taken away by subsequent repeal or amendment; however, a statute extending the period of limitations applies to all offenses not barred at the time of the passage of the act, so that the prosecution may be commenced at any time within the newly established period, although the old period of limitation has expired.").

[46] 702 P.2d 267 (Colo. 1985) (en banc) (*per curiam*).

[47] *Id.* at 268.

jurisdiction to hear the case."[48]  As the Colorado Supreme Court explained,

> A case barred from prosecution by a statute of limitations cannot be revived by subsequent legislation that acts to extend the limitations period. Retroactive application of a statute of limitations to revive a previously barred prosecution violates the fundamental constitutional prohibition against *ex post facto* legislation.[49]

The *Shedd* decision was cited favorably by the Supreme Court in *Stogner*,[50] and it is precisely analogous to the present case.

### III.

**A.    Applying the 1997 Version of the Statute of Limitations to Revive a Previously Time-Barred Prosecution Violates the *Ex Post Facto* Clause.**

**1.    Appellant's *ex post facto* claim is valid.**

Although the 1997 statute of limitations amendment is not an *ex post facto* law on its face, as was the one at issue in *Stogner*, its application to a situation in which the statue of limitations had already run before its enactment violates that constitutional provision.  As in *Stogner*, application of the 1997 version falls into the *Calder v. Bull* second category as

---

[48] *Id.*

[49] *Id.* (citations omitted); *see also Commonwealth v. Rocheleau*, 533 N.E.2d 1333, 1334 (Mass. 1989); *United States v. Fraidin*, 63 F.Supp. 271, 276 (D.C. Md. 1945) ("where a statute extends a period of limitations or provides for the tolling thereof, it applies to offenses not barred at the time of the statute's passage; but such a statute cannot operate to revive offenses which were barred at the time of its enactment since it would in such case be ex post facto"; prosecution barred by limitations).

[50] *See Stogner*, 539 U.S. at 617, 618.

applied to appellant's prosecution.[51] The properly extended ten-year statute of limitations had expired in 1993, and, from that day forward, prosecution of all twelve counts was forever and absolutely barred. No new statute could ever constitutionally resurrect them.[52] The SPA does not now argue otherwise. Instead, she claims that appellant forfeited this absolute limitations bar by failing to complain in the trial court.

### 2.    Appellant's *ex post facto* issue was not forfeited.

The SPA argues that appellant failed to preserve his complaint for appeal because his issue was not a true *ex post facto* issue that could be raised for the first time on appeal under *Ieppert* and that this is true because statutes of limitations are not "structural."[53] That argument mixes apples with oranges. "Structural rights" are those rights to which the constitutional harmless-error rule does not apply: if the defendant shows that the right was violated, appellate courts must reverse the conviction without any analysis of whether that error was harmful.[54] "Categorical rights" are those "absolute requirements and prohibitions,

---

[51] *See Stogner*, 539 U.S. at 612-13 (stating that the retroactive California law fell into the second *Calder v. Bull ex post facto* category–any "law that aggravates a crime, or makes it greater than it was, when committed"–because, after the original statute of limitations law had expired, Stogner was not "liable to any punishment"; "California's new statute therefore 'aggravated' Stogner's alleged crime, or made it 'greater than it was, when committed,' in the sense that, and to the extent that, it 'inflicted punishment' for past criminal conduct that (when the new law was enacted) did not trigger any such liability.") (some internal quotation marks omitted).

[52] *See Stogner*, 539 U.S. at 616-19; *State v. Sneed*, 25 Tex. 66, 67 (1860).

[53] State's Brief at 7 (citing *Johnson v. United States*, 520 U.S. 461, 468-69 (1997) (listing those rights deemed structural by the Supreme Court)).

[54] *See Johnson*, 520 U.S. at 468-69.

like rights which are waivable only, [that] are to be observed even without partisan request. But unlike waivable rights, they can't lawfully be avoided even with partisan consent."[55]  In *Ieppert*, we explicitly held that a defendant could raise the claim of a statute of limitations bar for the first time on appeal because it was a "categorical prohibition" which may not be waived or forfeited by the failure to object.[56] As we stated, this bar is not only for the benefit of the individual defendant, it is intended to keep sacred the government's promise to its citizens.[57]

The SPA has another, more subtle, argument:  This is not an *ex post facto* claim under *Stogner*, and therefore it could not be raised for the first time on appeal, because *Stogner* involved a law that overtly "permit[ted] resurrection of otherwise time-barred criminal prosecutions," and this case involves no such overtly retroactive law.[58]  That is, nothing in the 1997 statute expressly permitted the resurrection of a previously barred prosecution; indeed, the statute itself states just the opposite.   This distinction is irrelevant because the *ex post facto* result is the same–the retroactive application here "revived" a previously barred

---

[55] *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997).  In a post-*Marin* case, however, we have noted that a party may be estopped from relying upon a "category one" absolute requirement. *Sanchez v. State*, 120 S.W.3d 359, 365 (Tex. Crim. App. 2003).

[56] *Ieppert v. State*, 908 S.W.2d 217, 220 (Tex. Crim. App. 1995); *see also Saldano v. State*, 70 S.W.3d 873, 888-89 (Tex. Crim. App. 2002) (citing *Ieppert* for the proposition that one *Marin* nonforfeitable "absolute requirement" is the constitutional prohibition of *ex post facto* laws).

[57] *Id*.

[58] SPA's Brief at 5-6 (quoting *Stogner*, 539 U.S. at 609).

prosecution.[59]  And, in *Carmell*, the Supreme Court held that the retroactive application of statutes that are not expressly and facially retroactive nonetheless violates the *Ex Post Facto* Clause.[60]

### 3.     *Proctor v. State* **does not apply.**

As the SPA notes, in *Proctor v. State*,[61] we held that a defendant will forfeit a statute-of-limitations defense if he does not assert it at or before the guilt stage of trial.[62]  We declared that "a limitations defense" is a *Marin* third-category rule that must be implemented only upon request.[63]  But *Proctor* governs statute-of-limitations defenses that are based on facts (challenging a pleading that includes a "tolling paragraph," "explanatory averments," or even "innuendo allegations," that suffice to show that the charged offense is not, at least on the face of the indictment, barred by limitations), not pure law (challenging an indictment that shows on its face that prosecution is absolutely barred by the statute of limitations). The pleading that gives rise to a limitations factual defense is reparable.  The pleading that gives

---

[59] *See Sneed*, 25 Tex. at 67; *Shedd*, 702 P.2d at 268; *Fraidin*, 63 F.Supp. at 276.

[60] *Carmell v. Texas,* 529 U.S. 513, 530-31 (2000).

[61] 967 S.W.2d 840 (Tex. Crim. App. 1998).

[62] *Id.* at 844.

[63] *Id.* ("It seems to us that a defendant, having been given the statute of limitations as a defense, ought to have the burden of asserting that defense or losing it, just as he would any other defense. . . . We also conclude that placing limitations in the second *Marin* category is equally inappropriate. However important the statute of limitations might be to a defendant in a given case, the statute can hardly be deemed 'fundamental to the proper functioning of our adjudicatory system.' Indeed, at common law there was no limitation as to the time within which offenses could be prosecuted.").

rise to a statute-of-limitations bar is not. The first is forfeited unless raised before or during the trial and cannot be raised in a pretrial writ. The second–a true *ex post facto* violation–is not forfeitable under *Ieppert*. We have stated, in a post-*Proctor* case, that a limitations bar may be raised in a pretrial motion to quash or dismiss, a pretrial writ, at trial, on direct appeal, or in a collateral proceeding.[64] "[I]f the pleading, on its face, shows that the offense charged is barred by limitations, then it is appropriate that habeas corpus relief be granted."[65]

The distinction between the factual statute of limitations "defense" and the legal bar was explained by the Kansas Supreme Court in *State v. Garcia*.[66] In that case, the defendant raised, for the first time on appeal, a *Stogner*-based claim that the retroactive application of a new statute to revive his time-barred prosecution for rape violated the *Ex Post Facto* Clause.[67] Rejecting the State's claim that the defendant waived any claim related to the statute of limitations by failing to raise it in the trial court, the Kansas Court stated that the

State's arguments muddy the issue. By the time the rape charge was filed

---

[64] *Ex parte Smith*, 178 S.W.3d 797, 801-02 (Tex. Crim. App. 2005) ("A pretrial writ of habeas corpus may be used, however, to challenge the jurisdiction of the court if the face of the indictment shows that any prosecution is barred by the statute of limitations. This is because the defect is incurable and irreparable. Limitations is an absolute bar to prosecution. There is no point in wasting scarce judicial and societal resources or putting the defendant to great expense, inconvenience, and anxiety if the ultimate result is never in question.") (footnotes omitted).

[65] *Ex parte Tamez,* 38 S.W.3d 159, 160 (Tex. Crim. App. 2001); *see also Tita v. State*, 267 S.W.3d 33, 38 (Tex. Crim. App. 2008) (distinguishing between a statute of limitations defense that relies upon factual proof under *Proctor* and an irreparable bar under the applicable statute of limitations).

[66] 169 P.3d 1069 (Kan. 2007).

[67] *Id.* at 1075.

against Garcia in late January 2004, the statute of limitations already had been extended by the legislature to 1 year after his August 2003 DNA testing-to August 2004. Accordingly, the proper question is not whether he was being prosecuted outside of the statute of limitations. Under the amended statute, he clearly fell within the limitations period; therefore, the statute of limitations defense was not available to him, and *case law concerning waiver of a limitations period as an affirmative defense is inapplicable*. Rather, the proper question is whether the amended statute lengthening the limitations period was applied contrary to a constitutional provision, i.e., the *Ex Post Facto* Clause, and we have held that it was.[68]

Because the prosecution of Garcia violated the *Ex Post Facto* Clause, his conviction was reversed. The same is required in this case. *Proctor* is inapplicable here. *Stogner*, *Sneed,* and *Ieppert* control this case and others like it. For these reasons, we reverse the judgment of the court of appeals and remand this case to the trial court to enter an order dismissing the indictment.

Delivered: June 15, 2011
Publish

---

[68] *Id.* at 1076 (emphasis supplied). The *Garcia* court concluded, "Had the constitutional issue been previously raised, Garcia would likely not have been prosecuted for the rape charge, which resulted in a conviction and attendant sentence of 408 months' imprisonment consecutive to his life sentence for felony murder. Therefore, we conclude that at a minimum, consideration of the issue is necessary to serve the ends of justice and to prevent a denial of fundamental rights. In light of our holding that application of the amendment to revive Garcia's previously time-barred prosecution for rape violated the *Ex Post Facto* Clause, the conviction is reversed." *Id.*