**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00041-CR**
_____

**BEULAH JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 3**
**Jefferson County, Texas**
**Trial Cause No. 296066**

**MEMORANDUM OPINION**

Beulah Johnson pleaded guilty to misdemeanor theft and the trial court sentenced Johnson to 180 days in jail. In three appellate issues, Johnson contends that her prosecution for misdemeanor theft is statutorily barred and her right to counsel was violated. We reverse the trial court's judgment and we render judgment that Johnson is acquitted of misdemeanor theft.

## Statute of Limitations

In issues one and two, Johnson contends that her prosecution for misdemeanor theft was barred by the statute of limitations because: (1) tolling language is not found on the information; and (2) she was originally charged with a felony but that charge was not based on the same conduct, act, or transaction as the misdemeanor charge. The record suggests that the forgery case was dismissed, followed by a new charge for misdemeanor theft. The record does not contain a copy of the original charging instrument. The misdemeanor charge alleges that on or about November 5, 2009, Johnson committed theft of United States currency in the amount of $50 to $500, a class B misdemeanor. Tex. Penal Code Ann. § 31.03(e)(2)(A)(i) (West Supp. 2013).

An information or indictment for a Class B misdemeanor may be presented within two years from the date of the commission of the offense, but not afterward. Tex. Code Crim. Proc. Ann. art. 12.02(a) (West Supp. 2013). Under certain circumstances, the limitations period is suspended. *Id.* at art. 12.05 (West 2005); *see Hernandez v. State*, 127 S.W.3d 768, 774 (Tex. Crim. App. 2004). In this case, the information was presented on January 9, 2013, more than two years after the theft was committed. The State concedes that, absent any tolling of the statute of limitations, Johnson was charged outside the limitations period. The information

charging Johnson with theft does not contain the requisite tolling language. *See* Tex. Code Crim. Proc. Ann. arts. 21.21(6), 21.23 (West 2009); *see also Tita v. State*, 267 S.W.3d 33, 37 (Tex. Crim. App. 2008) (A charging instrument must show, on its face, that the prosecution is not barred by the applicable statute of limitations.). Accordingly, Johnson's prosecution was barred by the statute of limitations. *See Phillips v. State*, 362 S.W.3d 606, 617-18 (Tex. Crim. App. 2011). We sustain issue one and need not address issue two. *See* Tex. R. App. P. 47.1.

Right to Counsel

In issue three, Johnson contends that the trial court violated her right to counsel by not allowing her to have counsel of her choice. At the indigency hearing, Johnson told the trial court that she had previously attempted to fire trial counsel. A record of the plea hearing is not before us, and Johnson does not explain why she wanted new counsel or why the trial court's denial of her request was improper. Thus, we conclude that Johnson has inadequately briefed any complaint regarding the trial court's denial of her request to terminate trial counsel's services. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Because Johnson's prosecution for theft is barred by the

3

statute of limitations, we reverse the trial court's judgment and we render judgment that Johnson is acquitted of misdemeanor theft.

REVERSED AND RENDERED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on April 30, 2014
Opinion Delivered May 7, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

4