

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1313-13

**LIONEL GONZALES, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**KELLER, P.J., filed a dissenting opinion.**

Appellant claims that he was unaware of the pending indictment until he was arrested.[1] Let us assume that is so. That fact would make this case like *Doggett v. United States* with one significant exception. Doggett based his speedy-trial claim on the fact that the indictment against him had been pending for over eight years. Had Doggett been indicted at the time he first became aware of the prosecution (instead of eight years earlier), limitations would have expired. That is not

---

[1] The Court acknowledges that, if a defendant is aware of an indictment for a significant period of time before his arrest, his failure to assert his right to a speedy trial would weigh heavily against him. *See Doggett v. United States*, 505 U.S. 647, 653 (1992).

true in appellant's case. In my view, one of the purposes of the speedy-trial guarantee is to protect the defendant against "tolling abuse"—the use of a charging instrument to toll limitations when no serious prosecution would otherwise be forthcoming until after limitations had expired. Because the tolling-abuse rationale does not apply to this case, I dissent.

## A. *Doggett* and Limitations

In *Doggett v. United States*, the defendant was arrested eight-and-a-half years after he was indicted.[2] This delay was not the result of nefarious maneuvering on the Government's part, but the Government had no good excuse for the delay.[3] On the other hand, Doggett was not aware of the indictment until he was arrested on it,[4] and he was not able to show any specific prejudice resulting from the delay in his trial.[5] Nevertheless, the Supreme Court found that the long period of delay gave rise to a presumption of prejudice—a presumption that the reliability of the trial had been compromised.[6] While a defendant's failure to timely assert his right to a speedy trial would attenuate this presumption, this did not occur in Doggett's case because he was unaware of the pending prosecution and therefore unaware of his need to assert his speedy-trial right.[7] And because the presumption of prejudice was not otherwise "persuasively rebutted," Doggett was entitled to relief.[8]

---

[2] 505 U.S. at 648.

[3] *Id.* at 653, 657.

[4] *Id.*

[5] *Id.* at 655.

[6] *Id.* at 655-56.

[7] *Id.* at 653-54, 658.

[8] *Id.* at 658.

But what if Doggett had not been indicted until eight-and-a-half years later than he was? In that scenario, he would not have had a meritorious speedy-trial claim because the speedy-trial guarantee applies only to delay that occurs between the commencement of prosecution and the trial.[9] For pre-indictment delay, the Constitution requires only that due process be satisfied.[10] For a due-process violation to occur, the record must show that: (1) the defendant suffered substantial actual prejudice to his right to a fair trial, and (2) the State acted in bad faith.[11] The facts in Doggett's case satisfied neither prong of the due-process test. Moreover, the length of delay in Doggett's case suggested the possibility of prejudice to his defense, but when there is pre-indictment delay, the applicable statute of limitations provides the primary guarantee against the possibility of prejudice from overly stale criminal charges.[12]

In *Doggett*, the fact that the defendant had been indicted made all the difference in whether he was entitled to relief, but why should the fact that a person has been indicted make such a difference if he is completely unaware of the indictment's existence? Because Doggett was not aware of the indictment, he did not suffer from oppressive pretrial incarceration or from anxiety stemming from the pendency of the charges.[13] The only prejudice Doggett could claim was the

---

[9] *Id.* at 655 ("the Sixth Amendment right of the accused to a speedy trial has no application beyond the confines of a formal criminal prosecution"); *United States v. Loud Hawk*, 474 U.S. 302, 310-12 (1986) (period of time during which defendant was neither indicted, nor subject to arrest or bail, is not considered in speedy-trial analysis).

[10] *United States v. Lovasco*, 431 U.S. 783, 788-89 (1977).

[11] *State v. Krizan-Wilson*, 354 S.W.3d 808, 814-15, 817 (Tex. Crim. App. 2011). *See also United States v. Crouch*, 84 F.3d 1497 (5th Cir. 1996).

[12] *United States v. Marion*, 404 U.S. 307, 322-23 (1971).

[13] *Doggett*, 505 U.S. at 654.

possibility that his defense was impaired,[14] but that possibility existed regardless of when Doggett was indicted. In his dissent in *Doggett*, Justice Thomas considered the question of why the indictment matters when the defendant is unaware of it.[15] Because Doggett was "blissfully unaware" of his indictment during the period of delay, Justice Thomas concluded that he "suffered none of the harms that the right [to a speedy trial] was designed to prevent."[16] But neither Justice Thomas nor the Court majority in *Doggett* focused on the actual difference between Doggett's case and that of a defendant whose indictment issued eight-and-a-half-years later than Doggett's did: limitations.

Before the case reached the Supreme Court, when Doggett's speedy-trial claim was rejected by a two-to-one vote at the Eleventh Circuit, Judge Clark recognized the limitations issue in his dissent.[17] Judge Clark observed that the statute of limitations for Doggett's offense was five years, and that limitations would have expired if the indictment had been returned at the time Doggett learned of it.[18] While Judge Clark would not have found that fact to be conclusive of the speedy-trial issue, he considered it to be "another factor" that should be taken into account.[19]

In Texas, a charging instrument ordinarily tolls the running of limitations.[20] Because of that tolling, it is legitimate, I think, for the speedy-trial guarantee to take into account the interests that

---

[14] *Id.* at 654-56.

[15] *Id.* at 659-71 (Thomas, J., dissenting).

[16] *Id.* at 659-60.

[17] *United States v. Doggett*, 906 F.2d 573, 583 (11th Cir. 1990) (Clark, J., dissenting).

[18] *Id.*

[19] *Id.*

[20] TEX. CODE CRIM. PROC. art. 12.05(b); *Tita v. State*, 267 S.W.3d 33, 37 (Tex. Crim. App. 2008).

a statute of limitations is designed to protect. If the charging instrument becomes a mere placeholder, lying dormant for years, to the point where limitations would have otherwise expired at the time the defendant first learns of its existence, then the purposes of the statute of limitations have been undermined. Of course, the State is free to file a charging instrument on the last day of the limitations period and even quick notice to the defendant could easily be outside the limitations period, so the mere fact that notice to a defendant occurs outside the limitations period is not dispositive. But the longer a charging instrument has lain dormant and the longer it has done so after limitations would have expired, the stronger the inference ought to be that the statute of limitations has been subverted. In *Doggett*, the defendant learned of his indictment for the first time at an arrest that occurred at least three-and-a-half years after limitations would have expired if the indictment had been returned at the time of arrest. I view *Doggett*'s presumption of prejudice from the passage of time as implicitly based on the notion that the passage of time was significant enough to subvert the purpose of the statute of limitations. This view would be consistent with the Supreme Court's pronouncement in *Marion* that the statute of limitations is the primary guarantee against the possibility that the passage of time will impair the defendant's ability to defend himself against the accusation.[21]

Why the applicable statute of limitations should matter in a speedy-trial analysis may be illustrated by the following hypothetical: Andy and Bob commit an offense. Let us assume that the limitations period for this offense is ten years. A month after the offense, the police learn about Andy and Bob's involvement. Six months after the offense, the State indicts Andy, but, for some unknown reason, does not indict Bob. The prosecution file soon gets misplaced, resulting in the

---

[21] *See* this opinion, footnote 12.

State's failure to notify Andy of the indictment and its failure to take any action on the case with respect to Andy or Bob until the error is discovered six years after the offense. Six years and one month after the offense, the State issues an indictment against Bob and, on the same day, arrests both Andy and Bob. Andy was not aware of his indictment until his arrest. Both men go to trial two months later. Let us finally assume that Andy and Bob cannot demonstrate any particularized prejudice arising from the delay between the offense and their trial.

Bob has no viable speedy-trial claim. He was tried a mere two months after he was indicted, a period of time that does not even trigger a speedy-trial analysis.[22] He also has no valid due-process pre-indictment-delay claim because the record does not demonstrate that he suffered actual prejudice or that the State acted in bad faith. Nor is his prosecution barred by the statute of limitations, which is ten years. But if the Court's reasoning in the present case is correct, Andy has a meritorious speedy-trial claim—despite the fact that there is no practical difference between what the two men suffered as a result of the State's actions. Both men believed that no indictment was pending against them (Bob was correct in this belief, while Andy was not) until they were arrested a little over six years after the offense was committed. Treating Andy and Bob differently under these circumstances seems irrational. On this basis, I think it can be rationally said that, where limitations would not be barred if the indictment were brought on the date of trial, and the defendant's claim is that he was unaware of the indictment for most of the relevant period of time, then the presumption of prejudice has been "persuasively rebutted."[23]

---

[22] *Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008).

[23] *See* this opinion, footnote 8. I would not foreclose the possibility that the existence of the charging instrument, and subsequent delay of trial, might produce an event that poses a risk of prejudice to the defendant. If, for example, evidence was destroyed because an official believed that

Now let us assume that the limitations period for the above offense is five years. If the other elements of the hypothetical remain the same, the following results: Bob has a viable limitations claim because his indictment was returned outside the statute of limitations. Andy, however, does not have a viable limitations claim because the issuance of his indictment tolled the statute of limitations. But Andy certainly had reason to believe that limitations had expired when five years passed without him being aware of any indictment. Andy has a substantial argument that, due to the State's failure to notify him and actively prosecute the case, he ought to be treated similarly to Bob. That argument is not conclusive, since the State did exert at least some effort to prosecute Andy before limitations had expired (returning an indictment), but, if I am correct, the limitations-evading effect of the indictment is something that can be taken into account in a speedy-trial analysis.

## B. The Offense and Limitations

The limitations period applicable to appellant's injury-to-a-child offense is "ten years from the 18th birthday of the victim.[24] As the above discussion shows, the present case is not an instance of tolling abuse. Had the State indicted appellant on the date that he was tried, nothing would have

_____

the State's failure to prosecute a pending indictment meant that the case was over (and such evidence would not have been destroyed otherwise), then that might suffice to shift the balance of the speedy-trial factors in the defendant's favor.

[24] The indicted offense was "intentionally or knowingly caus[ing] bodily injury" to a child, a third-degree felony. TEX. PENAL CODE § 22.04(f) (West 2004) (last amended in 1999). When the offense was committed, on November 27, 2002, it was subject to a five-year limitations period. TEX. CODE CRIM. PROC. art. 12.01(4)(D) (West 2002). Effective September 1, 2007, the legislature increased the limitations period to "ten years from the 18th birthday of the victim." TEX. CODE CRIM. PROC. art. 12.01(5)(C) (West 2008). The savings clause provides that the change in the law "does not apply to an offense if the prosecution of that offense became barred by limitation before the effective date of this Act." Acts 2007, 80th Leg., ch. 841, § 2. Because appellant's offense was not barred by limitations when the amendment took effect, the new limitation period applies. We have upheld the constitutionality of extending an unexpired period of limitations. *Phillips v. State*, 362 S.W.3d 606, 613 (Tex. Crim. App. 2011).

barred the State from proceeding with the prosecution. Appellant's ignorance of the existence of an indictment for six years places him a position that is not materially different than that of a person who was indicted six years later. Consequently, I would hold that appellant has not been deprived of his Sixth Amendment right to a speedy trial.

I respectfully dissent.

Filed: June 25, 2014
Publish