

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1591-13

**EX PARTE ERIC MICHAEL HEILMAN, Applicant**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE NINTH COURT OF APPEALS JEFFERSON COUNTY

**NEWELL, J., filed a concurring opinion in which KELLER, P.J. and HERVEY, J., joined.**

I agree that applicant forfeited his right to complain about the limitations bar on his misdemeanor conviction for tampering with a governmental record when he pleaded guilty to the untimely charge in exchange for the State's agreement to forgo indictment on a timely state jail felony charge. I join the majority opinion because I believe the majority is exactly right that this case is in irreconcilable conflict with *Phillips v. State* and that *Phillips* should be overruled. I write separately to explain why I believe the attempts to harmonize this case with *Phillips* fail.

One argument to save *Phillips* hinges on the word "reparable." In *Phillips*, the majority drew a distinction between statute of limitations defenses based upon facts and those

based upon "pure law." *Phillips v. State*, 362 S.W.3d 606, 617 (Tex. Crim. App. 2011). According to the Court, the reason for this distinction was that a pleading that gives rise to a limitations factual defense is "reparable," while a pleading that gives rise to a statute-of-limitations bar is not. *Id*.

"Reparable" means capable of being mended or put into sound condition or capable of being remedied or made good. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1923 (2002). But the pleading in this case was not capable of being put into sound condition or made good. The misdemeanor information in this case alleged that the offense was committed on October 13, 2008. It was filed on December 22, 2010. There is no tolling language. There is no intervening charging instrument. Under Article 12.02 of the Texas Code of Criminal Procedure, the statute of limitations for this offense is two years. TEX. CODE CRIM. PROC. ANN. art. 12.02 (West 2008). Appellant had an absolute right to quash the information in this case.

Applying *Phillips v. State*, this misdemeanor information was absolutely barred by 100% pure law with no additives or preservatives. *Phillips*, 362 S.W.3d at 617. As this Court held in *Phillips*:

> But *Proctor* governs statute-of-limitations defenses that are based on facts (challenging a pleading that includes a "tolling paragraph," "explanatory averments," or even "innuendo allegations," that suffice to show that the charged offense is not, at least on the face of the indictment, barred by limitations), not pure law (challenging an indictment that shows on its face that prosecution is absolutely barred by the statute of limitations).

*Id.* And in this case, the State's ability to proceed with another offense in another court did nothing to mend the misdemeanor case; the trial judge had to resurrect it.[1]

I also disagree that *Phillips* can be limited to only address claims of *ex post facto* violations primarily because there was no *ex post facto* legislation at issue in *Phillips*. The Court reached its holding in response to the State's argument that this case did not involve *ex post facto* legislation because the statute was written prospectively. *Phillips*, 362 S.W.3d at 617; *see also* Acts 1997, 75th Leg., Ch. 740, § 3 ("The change in the law made by this Act does not apply to an offense if the prosecution of the offense became barred by limitation before the effective date of this Act. The prosecution of that offense remains barred as though this Act had not taken effect."). In essence, the State argued that the statute, by its own terms, did not apply, so there was only a "plain vanilla limitations claim" rather than an issue of *ex post facto* legislation. *Phillips*, 362 S.W.3d at 624 (Keller, P.J., dissenting). This Court's response was telling:

> This distinction is irrelevant because the *ex post facto* result is the same–the retroactive application here "revived" a previously barred prosecution.

*Id.* at 617. That "irrelevant" distinction is now the centerpiece of the argument to keep *Phillips* on life support.

The Court relied upon *Carmell v. Texas* to argue that a judicial application of a statute

---

[1] "Resurrection" means the act or fact of rising again from an inferior state (as death, decay, disuse) into a superior one. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1937 (2002).

that was not expressly and facially retroactive violated the prohibition against *ex post facto* laws, but the statute at issue in *Carmell* changed the quantum of proof in pending cases. *Carmell v. Texas*, 529 U.S. 513, 530-31 (2000). Contrary to the *Phillips* majority's reading of *Carmell*, it was the legislative act in *Carmell* that opened the door to the *ex post facto* violation, not the erroneous judicial application of that act.[2] If there had been only a retrospective judicial application at issue in *Carmell*, then the United States Supreme Court's decision in *Johnson*–two weeks after *Carmell* was decided–would make no sense. In *Johnson*, the United States Supreme Court held that there was no *ex post facto* question where a statute by its own terms did not apply retroactively; the only question in that situation was whether the old statute authorized the trial court's action. *Johnson v. United States*, 529 U.S. 694, 702-03 (2000); *see also Ortiz v. State*, 93 S.W.3d 79, 91 (Tex. Crim. App. 2002). Contrary to the majority's reasoning in *Phillips*, the Supreme Court was always concerned with *ex post facto* legislation, not *ex post facto* results.

---

[2] The confusion seems to flow from mixing the different *Calder v. Bull* categories. The *Phillips* majority regarded the statute at issue as belonging to the same *Calder v. Bull* category as the statute at issue in *Stogner*, namely the second *Calder v. Bull* category where a statute aggravated or made the crime greater than when committed. *Phillips*, 362 S.W.3d at 616. But the statute at issue in *Stogner* was facially retroactive. *Id.* Consequently, the majority applied *Carmell*, a case involving a statute that reduced the quantum of proof necessary to support a conviction in a pending case–a fourth *Calder v. Bull* category–to justify the holding that a purely judicial application of a statute violates the prohibition against *ex post facto* legislation. *Id.* at 617 ("And, in *Carmell*, the Supreme Court held that the retroactive application of statutes that are not expressly and facially retroactive nonetheless violates the *Ex Post Facto* Clause."). By comparing apples to oranges, the majority in *Phillips* obscured the fact that neither category involves a pure retroactive judicial application of a facially prospective statute like the situation present in *Phillips*. Simply put, a successful *ex post facto* claim invalidates a statute, not the judicial application of it. Because there was no *ex post facto* statute involved in *Phillips*, any discussion of an *ex post facto* violation was necessarily dicta.

To be clear, I do not understand the majority to hold that a defendant must object to preserve a claim that a retrospective statute violates the constitutional prohibitions against *ex post facto* legislation. Nor do I read the majority's holding in this case to say that an *ex post facto* violation is anything but fundamental error. But I join the majority opinion because *Phillips* did not involve *ex post facto* legislation; it involved a "plain-vanilla limitations claim." *Phillips*, 362 S.W.3d at 624 (Keller, P.J., dissenting). This Court held in *Proctor* that such claims are forfeitable, and I do not believe the limitations on the scope of *Proctor* to "fact-based" limitations defenses was warranted.[3]

This Court should not frivolously overrule established precedent. *Paulson v. State*, 28 S.W.3d 570, 571 (Tex. Crim. App. 2000). But *stare decisis* is not an inexorable command. While there is a strong presumption in favor of established law, this Court may reconsider its precedent when: (1) the original rule or decision was flawed from the outset; (2) the rule's application produces inconsistent results; (3) the rule conflicts with other precedent, especially when the other precedent is newer and more soundly reasoned; (4) the rule regularly produces results that are unjust, that are unanticipated by the principle

---

[3] Judge Meyers argues in his dissent that this Court should overrule *Proctor* altogether rather than *Phillips*. Neither party argues that such action is necessary to the resolution of the case. More importantly, doing so would not resolve this case because Judge Meyers' reliance upon *Yount* overlooks that the charging instrument in *Yount* was not subject to an absolute limitations bar. *State v. Yount*, 853 S.W.2d 6, 7 (Tex. Crim. App. 1993) (defendant indicted for involuntary manslaughter and requested jury instruction on lesser-included offense of DWI even though it was barred by the statute of limitations). Had the case proceeded in felony court rather than misdemeanor court, then a pure application of *Yount* uninfluenced by *Proctor* would allow for the denial of relief. That *Phillips* would require the denial of relief in felony court but not in misdemeanor court further emphasizes to me how unworkable the holding in *Phillips* is.

underlying the rule, or that place unnecessary burdens on the system; and (5) the reasons that support the rule have been undercut with the passage of time. *Ex parte Lewis*, 219 S.W.3d 335, 338 (Tex. Crim. App. 2007). Adhering to such precedent does not promote judicial efficiency and consistency, encourage reliance upon judicial decisions, or contribute to the integrity of the judicial process. *Paulson*, 28 S.W.3d at 571.

I join the majority because I believe *Phillips* qualifies as that type of precedent. That almost every member of this Court agrees to a result in contravention of the one *Phillips* clearly requires further demonstrates the unworkability of *Phillips*.[4] The majority is correct; either this case goes or *Phillips* does. Like the majority, I vote that it's *Phillips*.

Filed: March 18, 2015
Publish

---

[4] While Judge Johnson dissents, she agrees that appellant is not entitled to relief. Judge Meyers does not quite say in his dissent that appellant is estopped from bringing this claim on appeal, but his reliance upon *Ex parte Yount* and his call to overrule *Proctor* seems to suggest it. Judge Alcala's call to only overrule part of *Phillips* further demonstrates to me that *Phillips* was built upon an unstable foundation.