In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00505-CR
_____

THE STATE OF TEXAS, Appellant

V.

ERIC MICHAEL HEILMAN, Appellee

On Appeal from the County Court at Law No. 2
Jefferson County, Texas
Trial Cause No. 285580

## OPINION

The State appeals an order granting habeas corpus relief to Eric Michael Heilman. He successfully completed community supervision in a misdemeanor case. But the charging instrument on its face established that the statute of limitations prohibited the State from prosecuting the defendant. Given the circumstances presented, the habeas court reasonably concluded relief should be granted.

1

THE FACTS

Heilman was a police officer with the Beaumont Police Department. He and another officer were assisting in an undercover narcotics transaction involving a confidential informant. The narcotics transaction did not occur, and the target of the investigation left the scene. Heilman and his partner chased the suspect and ultimately arrested him. The officers seized cash and a large amount of cocaine from the suspect. In the probable cause affidavit Heilman drafted, he did not mention the undercover narcotics operation or the confidential informant. The suspect later disclosed facts that had been omitted from the probable cause affidavit. An investigation began, and the officers testified before a grand jury, but no formal charges resulted.

The State proposed to Heilman that, in exchange for his plea of guilty to a misdemeanor charge of tampering with a governmental record, he would receive deferred adjudication. According to Heilman, he was advised that the grand jury had met "and that he had an opportunity to plead guilty to a misdemeanor or proceed to trial after indictment on felony charges." Heilman notes grand jury proceedings are confidential by statute. He contends that he and his attorney were placed under a deadline by the prosecutor that prohibited them from investigating defenses.

Heilman pleaded guilty to the misdemeanor charge and was placed on deferred adjudication for one year. The information for the misdemeanor charge stated that Heilman

> did then and there intentionally and knowingly make, present, and use a governmental record, to wit: a probable cause statement dated October 13, 2008 regarding the arrest of Bryan Sostand and [Heilman] made, presented or used said governmental record with knowledge of it falsity[.]

After Heilman's successful completion of community supervision, the trial court discharged him and dismissed the case.

Heilman filed an application for writ of habeas corpus. He asserted that his plea was involuntary and that he had received ineffective assistance of counsel. He attached several affidavits from law enforcement personnel, including one from the police chief. The affiants explained that it was the policy of the Beaumont Police Department to not disclose the involvement of a confidential informant or the existence of an undercover drug operation in connection with preparing arrest reports, unless the actual transfer of narcotics occurred. In his affidavit, the police chief stated:

> If a suspect is arrested during the course of a failed undercover operation, Officers are expected to develop probable cause for any arrest separate from the involvement of the undercover operation or information from the confidential informant.

The police chief further explained that the "policy is designed to protect the informant as well as the integrity of undercover operations by the Beaumont Police Department."

Before the hearing on Heilman's application, the habeas court requested briefs on the issue of the original jurisdiction of the trial court to rule on the misdemeanor charge. After considering the parties' submissions, the court determined that the prosecution for the misdemeanor offense was, in the words and plain sense of the charging document "on its face[,]" barred by the applicable statute of limitations. The trial court dismissed the information and vacated the deferred adjudication order.

## HABEAS CORPUS

A writ of habeas corpus is available relief for jurisdictional defects and for violations of constitutional or fundamental rights. *Ex parte Douthit*, 232 S.W.3d 69, 71 (Tex. Crim. App. 2007). If a misdemeanor judgment is void, yet its existence may have detrimental collateral consequences, the judgment may be collaterally attacked. *See Tatum v. State*, 846 S.W.2d 324, 327 (Tex. Crim. App. 1993). Heilman's inability to acquire a Texas peace officer's license because of his guilty plea, and the resulting deferred adjudication and community supervision order, is a collateral legal consequence sufficient to support the habeas corpus

4

application. *See State v. Collazo*, 264 S.W.3d 121, 126-27 (Tex. App.—Houston [1st Dist.] 2007, pet ref'd).

## STANDARD OF REVIEW

An appellate court reviews a trial court's decision to grant habeas corpus relief under an abuse of discretion standard. *See Ex parte Ayers*, 921 S.W.2d 438, 440-41 (Tex. App.—Houston [1st Dist.] 1996, no pet.). We review de novo a trial court's rulings on questions of law. *Sandifer v. State*, 233 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

## RELIEF SOUGHT

The State argues that Heilman's amended application for writ of habeas corpus did not include a limitations argument. But the habeas court raised the issue before granting the relief, and requested briefing. Heilman filed a motion to enter findings of fact and conclusions of law before the court granted relief. The motion requested that the trial court find that the statute of limitations had expired before December 22, 2010, and that the trial court lacked jurisdiction to accept the plea or place Heilman on community supervision. Heilman cited the Court of Criminal Appeals decisions in *Phillips v. State*, 362 S.W.3d 606 (Tex. Crim. App. 2011) and *Hernandez v. State*, 127 S.W.3d 768 (Tex. Crim. App. 2004).

5

In granting habeas relief, the court explained that the amended application for writ of habeas corpus challenged the legality of the deferred probation order, and that the court considered the amended writ application, along with all the parties' replies and responses, whether submitted by letter-brief or by motions or objections. The court included in its findings the following:

> [T]he Court concludes that by invoking this Court's subject-matter jurisdiction upon the filing of the instant Article 11.072 writ-application in this Court, the jurisdiction/authority issue was squarely presented as a matter for "threshold determination" due to the appearance on the face of the underlying criminal Information of an alleged offense-date of "October 13, 2008," and the adjacent file-stamp of the Jefferson County Clerk designating the cause's filing-date as December 22, 2010.

The limitations issue on which relief was granted was before the habeas court. The relief granted was sought by Heilman. Issue one is overruled.

STATUTE OF LIMITATIONS AND WAIVER

The State argues the habeas court erred in holding that the misdemeanor information demonstrated "on its face" that the offense was barred by the statute of limitations. The State also contends that Heilman expressly waived the statute of limitations, that he agreed, in effect, to be prosecuted, and that the trial court had the authority to accept the plea.

A charging instrument must charge a person with the commission of an offense over which the trial court has jurisdiction. *Teal v. State*, 230 S.W.3d 172,

6

181 (Tex. Crim. App. 2007). The charging instrument must indicate that a prosecution is not barred by the applicable statute of limitations. *See* Tex. Code Crim. Proc. Ann. art. 21.02(6) (West 2009); *see also* Tex. Code Crim. Proc. Ann. art. 21.21(6) (West 2009) (An information is sufficient if, among other things, the time mentioned therein is a date anterior to the filing of the information, and that the offense does not appear to be barred by limitation.). The primary purpose for specifying a date in a charging instrument is to show that prosecution is not barred. *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998).

Before the filing of the information on December 22, 2010, Heilman had not been charged with a crime. The only date in the information is October 13, 2008, the date of the probable cause affidavit.

"An indictment or information for any Class A or Class B misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward." Tex. Code Crim. Proc. Ann. art. 12.02(a) (West Supp. 2012). In a post-conviction habeas proceeding, the Court of Criminal Appeals stated:

> [T]he Code of Criminal Procedure provides, "For all misdemeanors, an indictment or information may be presented within two years from the commission of the offense, and not afterwards." It is plain, then, from the reading of this statute that, if a prosecution does not occur within two years from the time of its commission, there can be no prosecution. This is the period of limitation fixed by the Legislature. They had authority to fix the period of limitation. This court has no authority to change it. And there is no authority in law to prosecute

7

any citizen of Texas for the violation of the law after the period of limitation has intervened. (citations omitted).

*Ex parte Hoard*, 140 S.W. 449, 450-51 (1911).

Until the amendments to Article V, Section 12 of the Texas Constitution and Article 1.14(b) of the Code of Criminal Procedure, "limitations was considered a jurisdictional issue." *State v. Turner*, 898 S.W.2d 303, 307 (Tex. Crim. App. 1995). Following the amendments, the Court of Criminal Appeals held that generally a statute of limitations bar is not jurisdictional. *See Proctor v. State*, 967 S.W.2d 840, 843-44 (Tex. Crim. App. 1998).

In *Phillips*, 362 S.W.3d at 617-18, however, the Court of Criminal Appeals explained that the holding in *Proctor* applies to statute-of-limitations defenses that are based on facts and not to "pure law" challenges, where the charging instrument shows on its face that the prosecution is absolutely barred by the statute of limitations.[1] "[T]o resurrect a prosecution after the relevant statute of limitations has expired is to eliminate a currently existing conclusive presumption forbidding prosecution[.]" *Stogner v. California*, 539 U.S. 607, 616, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003); *compare Falter v. United States*, 23 F.2d 420, 425-26 (2d Cir.

---

[1]*Phillips* dealt with an ex post facto claim. *See Phillips v. State*, 362 S.W.3d 606, 607-08, 616-18 (Tex. Crim. App. 2011). Court action, not an ex post facto law, was under consideration in the habeas proceeding in this case.

1928) ("For the state to assure a man that he has become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest.").

In *Ex parte Smith*, the Court of Criminal Appeals stated, "[W]hen the face of the pleading shows that the offense charged is barred by limitations, that pleading 'is so fundamentally defective that the trial court does not have jurisdiction and habeas relief should be granted.'" *Ex parte Smith*, 797, 802 (Tex. Crim. App. 2005) (quoting *Ex parte Dickerson*, 549 S.W.2d 202 (Tex. Crim. App. 1977)); *see also Ex parte Weise*, 55 S.W.3d 617 620 (Tex. Crim. App. 2001) ("[W]hen the pleading, on its face, shows that the offense charged is barred by limitations . . . the applicant is challenging the trial court's power to proceed."). The habeas court reasonably concluded that the information, on its face, charged an offense the State could no longer prosecute, and one over which the trial court did not have jurisdiction.

The court also reasonably concluded that the parties could not by agreement confer jurisdiction on the trial court. *See* Tex. Code Crim. Proc. Ann. art. 12.02 (West Supp. 2012) ("and not afterward"); *compare Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980) (Subject matter jurisdiction cannot be conferred by agreement and it exists by reason of the authority vested in the court by the Constitution and statutes.), and *Ieppert v. State*, 908 S.W.2d 217, 220 (Tex. Crim.

9

App. 1995) (People may not "consent to be imprisoned for conduct which does not constitute a crime."); *see also State v. Sneed*, 25 Tex. 66, 25 Tex. Supp. 66, 67 (1860) ("The state having neglected to prosecute within the time prescribed for its own action, lost the right to prosecute the suit."). Although the habeas court did not address the merits of the ineffective assistance of counsel claim, the record and the findings of fact also indicate an involuntary waiver based on inadequate knowledge that need not be given effect under these circumstances.

On this habeas record, we see no abuse of discretion by the court. *See generally Ex parte Ayers*, 921 S.W.2d at 440 (standard of review); Tex. R. App. P. 31.2 ("The sole purpose of the appeal is to do substantial justice to the parties."). Issues two and three are overruled.

ESTOPPEL

The State contends that Heilman is estopped from attacking the underlying judgment because "he bargained for the plea agreement and benefitted from it." The doctrine of estoppel does not apply if the trial court had no jurisdiction over the case. *See Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007). And the doctrine of estoppel need not be applied when the acceptance of benefits is "not wholly voluntary." *See Gutierrez v. State*, 380 S.W.3d 167, 178-79 (Tex. Crim. App. 2012). Finally, the State has not cited this Court to any assertion of the

10

doctrine of estoppel in the court below. *See* Tex. R. App. P. 33.1; 38.1(d),(i). The prosecutor argued that Heilman "took advantage of an offer made to him to avoid a felony indictment," and "benefited handsomely from his bargain[.]" But the argument appears in support of the express waiver assertion, and was not referred to in the habeas court as estoppel. Issue four is overruled. The trial court's order is affirmed.

      AFFIRMED.

_____

DAVID GAULTNEY
Justice

Submitted on June 20, 2013
Opinion Delivered October 16, 2013
Publish

Before Gaultney, Kreger, and Horton, JJ.