

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1591-13

### EX PARTE ERIC MICHAEL HEILMAN, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### JEFFERSON COUNTY

**ALCALA, J., filed a dissenting opinion.**

### DISSENTING OPINION

Because it unnecessarily overrules this Court's recent precedent in *Phillips v. State*, I respectfully dissent from this Court's judgment reversing the court of appeals' affirmance of the order granting post-conviction habeas corpus relief to Eric Michael Heilman. *See Phillips v. State*, 362 S.W.3d 606, 608-10 (Tex. Crim. App. 2011); *State v. Heilman*, 413 S.W.3d 503, 508 (Tex. App.—Beaumont 2013). The majority opinion determines that it is necessary to entirely overrule *Phillips*, a distinguishable case involving an *ex post facto* claim, in order to resolve this relatively simple appeal involving an ordinary statute-of-limitations claim, but I disagree. I would reverse the court of appeals' holding that the trial

court lacked jurisdiction and instead remand the case to that court for further consideration of Heilman's claim on the merits. *See Heilman*, 413 S.W.3d at 507-08. Because it goes too far in delving into the *ex post facto* issues that were at the heart of this Court's holding in *Phillips*, but which are not implicated in the present appeal, I cannot join this Court's majority opinion, nor can I agree with its decision to resolve the merits of Heilman's claim on that basis.

## I. Background

The facts of this case involve a simple claim, raised for the first time in an application for a writ of habeas corpus, that a conviction was absolutely barred by the running of the statute of limitations. Heilman had agreed to plead guilty to the misdemeanor offense of tampering with a governmental record in exchange for the State's agreement not to pursue felony charges against him, and he was placed on deferred adjudication. Although the two-year statute of limitations had already run at the time of his guilty plea, Heilman waived his limitations defense, as indicated by his signature on the Deferred Adjudication Order, which states, "Defense waives statute [of] limitation per Judge Flores."

After his successful completion of deferred adjudication, Heilman filed an application for a writ of habeas corpus. In response to Heilman's application, the habeas court determined that "the prosecution for the misdemeanor offense was, in the words and plain sense of the charging document 'on its face[,]' barred by the applicable statute of limitations." *Id*. at 506. The habeas court dismissed the information and vacated the

deferred adjudication order. *Id*. On appeal, the court of appeals affirmed the habeas court's order granting relief. *Id*. at 508. Relying on this Court's opinion in *Phillips*, it determined that, although generally a statute-of-limitations bar is not jurisdictional, that rule does not apply to "'pure law' challenges, where the charging instrument shows on its face that the prosecution is absolutely barred by the statute of limitations." *Id*. at 507 (citing *Phillips*, 362 S.W.3d at 617-18). It further cited this Court's opinion in *Ex parte Smith* for the proposition that, "'[w]hen the face of the pleading shows that the offense charged is barred by limitations, that pleading is so fundamentally defective that the trial court does not have jurisdiction and habeas relief should be granted.'" *Id*. at 508 (quoting *Ex parte Smith*, 178 S.W.3d 797, 802 (Tex. Crim. App. 2005) (citations and quotation marks omitted)). Applying these principles to Heilman's case, the court of appeals determined that, given that the statute of limitations had already run at the time of his plea of guilty, "the information, on its face, charged an offense the State could no longer prosecute, and one over which the trial court did not have jurisdiction." *Id*.

## II. It Is Unnecessary to Overrule *Phillips* In Its Entirety

Contrary to the majority opinion's determination that it cannot resolve Heilman's appeal without overruling *Phillips* in its entirety, I conclude that it is unnecessary and unadvisable for this Court to overrule *Phillips*'s core holding that an *ex post facto* violation occurred in that case. *See Phillips*, 362 S.W.3d at 616. Heilman's claim does not involve the application of retroactive legislation, nor does it implicate the *Ex Post Facto* Clause in

any way, and, therefore, it is beyond the proper scope of our review to revisit *Phillips*'s holding with respect to those matters in the course of resolving this appeal. I would, therefore, more narrowly address only the "pure law" language from *Phillips*, and I would reserve judgment as to the correctness of *Phillips*'s *ex post facto* analysis until that issue is properly presented by the facts of a future case.

### A. Unnecessary to Disturb *Phillips* Court's Analysis of *Ex Post Facto* Claim

As the first step in its analysis in *Phillips*, the Court addressed the merits of Phillips's claim that his 2007 convictions for sexual offenses committed in 1982 and 1983 violated the *Ex Post Facto* clauses of the state and federal constitutions. *See id.* at 610-16 (discussing "absolute" right to be free from *ex post facto* laws, and holding that Phillips's *ex post facto* claim was "valid"). The basis for Phillips's complaint was that, by applying a 1997 amendment to the statute of limitations in such a way as to resurrect his prosecution for otherwise time-barred offenses, his convictions violated the *Ex Post Facto* Clause. *Id.* at 607-08. Because his offenses had been "extinguished by the running of limitations" in 1993, those offenses, he contended, "could not be revived by the 1997 version of the statute of limitations" without violating that constitutional prohibition. *Id.* at 609-10. After the court of appeals rejected his argument, this Court granted Phillips's petition for discretionary review to determine whether the "appellate court improperly appl[ied] the decision in *Stogner v. California*, 539 U.S. 607, 123 S. Ct. 2446, 156 L.Ed.2d 544 (2003)[,] allowing convictions for offenses which had been extinguished by the running of limitations and thereby

violat[ing] the *ex post facto* provisions of the Texas and Federal Constitutions[.]"

Addressing the merits of Phillips's *ex post facto* complaint, the Court held that the application of the amended statute of limitations to Phillips's conduct violated the *Ex Post Facto* Clause. *Phillips*, 362 S.W.3d at 616. It stated that "prosecution under the 2007 indictment . . . was absolutely barred by the statute of limitations in 1993. These charges could not be resurrected by a 1997 statute extending the statute of limitations for sexual offenses." *Id.* at 607; *see also id.* at 613 (explaining principle that, to comply with *Ex Post Facto* Clause, "a statute of limitations may be extended by the [L]egislature, but a prosecution within the new time period will be permitted only if the limitations period had not already run before the law was changed"). Although the Court in *Phillips* observed that the 1997 amendment contained a standard savings clause and thus was "not an *ex post facto* law on its face," the Court nevertheless held that the statute's "application to a situation in which the statute of limitations had already run before its enactment violates that constitutional provision." *Id.* at 616; *see also id.* at 610 (determining that the *Ex Post Facto* Clause applies "not only to laws that are facially retroactive, but also to laws that are applied retroactively") (citations omitted).

As the court of appeals in this case indicated, unlike the complaint in *Phillips*, Heilman's claim does not implicate or rely upon the *Ex Post Facto* Clause in any way, and the court of appeals did not address that aspect of *Phillips* in reaching its holding. *See Heilman*, 413 S.W.3d at 507 n.1 (distinguishing *Phillips* because it "dealt with an ex post

facto claim. Court action, not an ex post facto law, was under consideration in the habeas proceeding in this case."). The core holding in *Phillips*—that application of an amended statute of limitations to conduct for which the prior limitations period had already run results in an *ex post facto* violation—is irrelevant to our resolution of Heilman's claim, which, by contrast, involves a relatively straightforward argument that prosecution was absolutely barred by the running of the statute of limitations. *Compare Phillips*, 362 S.W.3d at 616, *with Heilman*, 413 S.W.3d at 507-08. This Court should accordingly limit its reevaluation of *Phillips* to those matters that are called into question by the facts of this case.

Judicial restraint and *stare decisis* counsel against the majority opinion's approach in revisiting matters that are beyond the scope of the issue presently before us. In *Rangel v. State*, this Court cautioned that "[j]udicial restraint and prudence prevent us from reaching out and grabbing issues simply because they are interesting and important. We will exercise our discretionary review authority only where the issues are properly presented for our consideration." 250 S.W.3d 96, 98 (Tex. Crim. App. 2008). And "*stare decisis* should generally be followed, because it promotes judicial efficiency and consistency, it fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *Hammock v. State*, 46 S.W.3d 889, 892-93 (Tex. Crim. App. 2001) (citing *Proctor v. State*, 967 S.W.2d 840, 844 (Tex. Crim. App. 1998)). These principles all counsel against the majority opinion's decision to overrule the *ex post facto* holding in *Phillips*, which involved a discrete claim that application of an amended statute of limitations had

resulted in an *ex post facto* violation, and which is not properly presented for our review because it was neither addressed by the court of appeals nor called into question by the facts of this case.

## B. *Phillips*'s "Pure Law" Discussion Must Be Overruled

Although I disagree with this Court's majority opinion's decision to overrule *Phillips*'s holding as to the merits of the *ex post facto* claim in that case, I agree with its determination that it is necessary to reevaluate, and ultimately overrule, some problematic language in *Phillips* indicating that a "pure law" statute-of-limitations claim, even one that does not implicate *ex post facto* concerns, constitutes a category-one, non-forfeitable right. *See Phillips*, 362 S.W.3d at 608, 616-19; *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993).

In *Phillips*, after initially concluding that Phillips had presented a meritorious *ex post facto* claim, the Court then addressed the State's argument that Phillips had nevertheless forfeited his complaint by failing to raise it in the trial court. 362 S.W.3d at 617. In the course of rejecting that argument, the *Phillips* Court initially explained that the right to be free from *ex post facto* laws is a category-one, non-waivable right. *Id.* at 611-12 (describing claims based on *Ex Post Facto* Clause as implicating an "absolute right—a first category *Marin* right," which "cannot be waived or forfeited") (citing *Marin*, 851 S.W.2d at 279; *Ieppert v. State*, 908 S.W.2d 217, 220 (Tex. Crim. App. 1995)). That rationale, standing alone, would have constituted an adequate basis upon which to hold that Phillips had not

forfeited his *ex post facto* complaint. *Phillips* should have stopped there, but instead, in dicta, it went on to discuss law that was unnecessary to its holding and that has become problematic in its broader application to this case.

In response to the State's argument that relief should be foreclosed by this Court's precedent in *Proctor*, the Court in *Phillips* broadly indicated that the *Proctor* rule was inapplicable to all situations where the indictment shows on its face that prosecution is barred by the running of the statute of limitations. *See id.* at 616-18; *Proctor*, 967 S.W.2d at 844. Specifically, to address the State's argument that *Proctor* had held that a defendant forfeits a statute-of-limitations defense if he does not assert it at or before the guilt stage of trial, *Phillips* stated,

> *Proctor* governs statute-of-limitations defenses that are based on facts (challenging a pleading that includes a "tolling paragraph," "explanatory averments," or even "innuendo allegations," that suffice to show that the charged offense is not, at least on the face of the indictment, barred by limitations), not [to those based on] pure law (challenging an indictment that shows on its face that prosecution is absolutely barred by the statute of limitations). The pleading that gives rise to a limitations factual defense is reparable. The pleading that gives rise to a statute-of-limitations bar is not. The first is forfeited unless raised before or during the trial and cannot be raised in a pretrial writ. The second—a true *ex post facto* violation—is not forfeitable under *Ieppert*.

*Phillips*, 362 S.W.3d at 617-18 (citations omitted). It is this passage from *Phillips* that the court of appeals relied upon in concluding that, even in situations lacking any suggestion of an *ex post facto* violation, a "pure law" limitations claim implicates a categorical right that cannot be waived or forfeited and constitutes an absolute bar to prosecution. *See Heilman*,

413 S.W.3d at 507-08. And it is this aspect of *Phillips* that must now be overruled. In suggesting that a "pure law" situation would always result in a non-forfeitable, categorical bar to prosecution, this portion of the discussion in *Phillips* was unnecessary to its holding with respect to what it had characterized as the category-one *Marin* right that was at issue there, namely, the *ex post facto* violation based on the application of new legislation affecting the limitations period. *See Phillips*, 362 S.W.3d at 611-12.[1] By including, in dicta, broader language that would apply even to category-three *Marin* rights that were not at issue in *Phillips*, this portion of *Phillips* was inconsistent with *Proctor*. *See id.* at 617-18; *Proctor*, 967 S.W.2d at 844. I disagree that this broader language necessarily should be interpreted as constituting part of the Court's holding in *Phillips* given that the facts of that case did not involve an ordinary statute-of-limitations claim. But because this erroneous principle from *Phillips* was the basis for the court of appeals' holding that the trial court lacked jurisdiction over Heilman's case, I would overrule this broader language and hold that *Proctor* applies to claims involving an ordinary lapse of a limitations period where there is no argument that

---

[1]This Court's majority and concurring opinions suggest that the *Phillips* Court erred by deciding that a category-one right was at issue in that case and that *Phillips*'s dissenting opinion was correct in its assessment that, because the amended statute of limitations contained a savings clause, an ordinary lapse of limitations was actually at issue there. *See Phillips v. State*, 362 S.W.3d 606, 619 (Keller, P.J., dissenting). But this Court should not decide cases based upon how a dissenting opinion characterized certain facts. The bottom line is that the majority opinion in *Phillips* decided the case under the theory that a category-one right was at issue because of the new legislation extending the statute of limitations in that case. Even if the majority opinion in *Phillips* was erroneous in its ultimate holding with respect to that matter given the existence of a savings clause, this case does not involve new legislation, a savings clause, or any of the constitutional principles this Court addressed in deciding that a category-one right was implicated in *Phillips*. The limiting principle of *stare decisis* requires that we not overrule precedent based upon the inclusion of dicta when that precedent is procedurally and factually distinguishable.

any legislation has extended a limitations period, such as the claim presented here by Heilman. *See Heilman*, 413 S.W.3d at 507-08; *Proctor*, 967 S.W.2d at 844.

### III. Conclusion

Because I am unpersuaded by the majority opinion's determination that it is necessary to overrule *Phillips*'s *ex post facto* analysis in order to resolve the present appeal, I would adhere to *stare decisis* with respect to that holding until this Court is properly called upon to consider it in a future case. I would more narrowly limit the holding in this case to overrule only the "pure law" discussion in *Phillips*, and I would accordingly reverse the court of appeals' determination that the trial court lacked jurisdiction over Heilman's case. Because the majority opinion addresses matters that are beyond the scope of proper review and resolves Heilman's claim on the basis of an unwarranted rehashing of *ex post facto* principles, I respectfully dissent.

Filed: March 18, 2015

Publish