MEYERS, J.,
filed a dissenting opinion.
Today the majority overrules our prior decision in Phillips v. State, 362 S.W.3d *172 606 (Tex.Crim.App.2011), and determines that Appellant is not entitled to relief on his statute of limitations claim. With today’s decision we are continuing down an unreasonable path of placing the entire burden on the defendant to complain of statute of limitations issues. The statute of limitations should not be a defensive issue, and I believe that the case we should actually be overruling today is Proctor v. State, 967 S.W.2d 840 (Tex.Crim.App.1998).
In Proctor we changed the law concerning the statute of limitations and held, for the first time, that limitations is a rule that must be implemented only upon the request of the defendant, rather than it being an absolute requirement that must be proved by the State in every criminal prosecution. Id. at 844. However, making the statute of limitations a defensive issue was problematic then, and it is problematic now. Defensive issues should be those that require a defendant to show that he is not guilty of a crime. The statute of limitations has nothing to do with a defendant’s guilt — it relates only to the State’s timely filing of a case — and therefore, the defendant should not bear the heavy burden of invoking it. The statute of limitations is meant to be something the State must prove in order to prosecute, much like it must prove that a crime took place in a particular county. Tex.Code Crim. Proc. art. 13.17. Further, the State is allowed to allege in the indictment that the crime took place “on or about” a certain date, so long as that date is “anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation.” Tex.Code Crim. Proc. art. 21.02. Requiring that the dates the State alleges not be barred by limitation is at odds with holding that the State must actually prove that the offense occurred within the statute of limitations only if the defendant raises the issue. See Proctor v. State, 967 S.W.2d at 847 (Meyers, J., dissenting).
The present problems surrounding the statute of limitations arose when this court decided to change the law and make limitations a defensive issue. Proctor is a not a well-reasoned or substantiated opinion, and was decided the way it was only in order to keep the convictions in the case from being overturned. Today, rather than overruling Phillips, we should be correcting the mistake made in Proctor and return to considering the statute of limitations an absolute requirement that is the State’s burden to prove. Therefore, I would overrule Proctor and remand this case to the court of appeals to be examined in light of State v. Yount, 853 S.W.2d 6 (Tex.Crim.App.1993), in which we held that a defendant who requested a jury instruction on a lesser-included offense could not later complain' that his conviction of that offense was barred by limitations. For the foregoing reasons, I respectfully dissent.
JOHNSON, J.,
filed a dissenting opinion.
While I agree that Eric Heilman is not entitled to relief on his “statute of limitations” claim, I cannot join the majority’s opinion or its judgment because it is neither necessary nor appropriate to overrule our prior decision in Phillips v. State.[1] Here, the defendant explicitly traded his right to make any “statute of limitations” claim to the misdemeanor charge of tampering with a governmental record in exchange for avoiding indictment for the corresponding state-jail felony offense that was not time barred. Just as a defendant who requests a jury charge on a time-barred lesser-included offense waives his *173 right to later claim that his conviction on the lesser offense was barred by limitations,[2] so too a defendant who expressly trades his right to a limitations claim on a misdemeanor to avoid being charged with a felony waives his right to later claim that his conviction was barred by limitations. Heilman might have chutzpah, but he does not have a valid limitations claim.[3]
I.
Heilman, a member of the Beaumont Police Department, was investigating a drug-trafficking operation in October 2008. He, Officer Brad Beaulieu, and a confidential informant set up a sting operation with a suspected drug dealer, but their target left the scene without completing the transaction. Heilman and Beaulieu chased the suspect and arrested him. They seized cash and a large cache of cocaine from him. But, in drafting his probable-cause affidavit, Heilman omitted any reference to the confidential informant or the sting operation. The suspect eventually disclosed the existence and participation of the confidential informant.
A special prosecutor was appointed, and a grand jury investigation began. According to the habeas court’s findings, Heil-man’s depiction of the events was as follows:
The investigation of Applicant [Heilman] continued through the fall [of 2010]. On November 23, 2010, Applicant is advised that the file of the Beaumont Police Department Internal Affairs Investigation was being subpoenaed to the Jefferson County Grand Jury. On December 13 or 14, Applicant was advised that the grand jury had met and that he had an opportunity to plead guilty to a misdemeanor or proceed to trial after indictment on felony charges. On December 17, 2010, Applicant was advised that he had until December 22, 2010, to decide whether to enter a plea and accept the misdemeanor offer.
The Special Prosecutor filled in the events from his perspective:
On December 14, 2010 [applicant’s original trial counsel] was advised that the grand jury voted unanimously to indict both Eric Heilman and Brad Beaulieu for the felony offenses of tampering with governmental records and, in the case of Brad Beaulieu, aggravated perjury. At the request of and with the consent of the grand jury, an offer was extended to Heilman and Beaulieu through their attorney ... to plead guilty to [the] misdemeanor offense of tampering with a governmental record for deferred adjudication in lieu of being formally indicted on felony charges. The plea offer was conditioned on their express waiver of any statute of limitations claim that they may have regarding the misdemeanor charges to which they would plead. The grand jury adjourned until December 22 to allow Officers Heilman and Beaulieu to consider the offer.
On December 22, Officers Heilman and Beaulieu appeared before the Court with new attorneys, were properly admonished, waived their rights, expressly waived the statute of limitations, and pleaded guilty to the misdemeanor charge of tampering with a governmental record. In light of the pleas, the grand jury’s term expired on December *174 31, 2010, without formally indicting either officer.
An information charging Heilman with the misdemeanor offense was filed in the county court on December 22, 2010. At the guilty-plea hearing on that day, Heil-man and his attorney, along with the special prosecutor and the trial judge, signed the standard written documents, admonishments, and waivers. A handwritten sentence at the bottom of the page read, “I hereby waive all statute of limitations.” Directly above that sentence are applicant’s initials, as well as those of his attorney. On the official Deferred Adjudication Order, next to three of the probation conditions, is the following statement:
No State opposition to early termination after six months[.] Defense will not file for early termination before six months[.] Defense waives statute [of] limitations per Judge Flores[.]
Heilman had no right of appeal and did not attempt to appeal. He followed his end of the bargain and did not file for early termination for six months. The state followed its part of the bargain and did not oppose early termination. However, four months after discharging his probation and obtaining a Deferred Adjudication Order of Dismissal, Heilman filed an application for a writ of habeas corpus claiming, inter alia, that he had entered an involuntary plea.
The habeas judge, on his own, raised the issue of whether Heilman’s prosecution was barred by the two-year statute of limitations for the misdemeanor offense of tampering with a governmental record. Relying in part on this Court’s decision in Phillips v. State,[4] he held that the two-year statute of limitations barred applicant’s prosecution and that the agreement to waive the statute of limitations was itself “void and a nullity.” He concluded that he did not have authority to enter a deferred-adjudication order as a matter of law. The judge dismissed the information and vacated the deferred adjudication order.
The state appealed, and the court of appeals affirmed the habeas judge.
II.
The problem with the lower courts’ reliance on Phillips is that, in Phillips, we explained that a “matter of law” statute-of-limitations claim is one in which the charging instrument shows on its face that the prosecution is time-barred and that the defect is not “reparable.”[5] There is absolutely nothing that the state can do to save its prosecution; it is irreparably barred. For example, in Phillips, the defendant was charged with twelve counts of sexual offenses committed in 1982 and 1983, but no indictment was filed until 2007. The statute of limitations for all twelve counts had run in 1993 under the then-existing ten-year statute of limitations, and there was no other offense that had arisen from the same conduct with which to charge him. There was nothing the state could do to resurrect those charges, which had been time-barred for fourteen years. The problem was incurable. Phillips was therefore entitled to prevail on his ex post facto claim as a matter of law.
But if the pleading is “reparable,” then the statute of limitations is a factual affirmative defense on which the defendant *175 bears the burden of proof.[6] As we explained in Phillips,
The pleading that gives rise to a limitations factual defense is reparable. The pleading that gives rise to a statute-of-limitations bar is not. The first is forfeited unless raised before or during the trial and cannot be raised in a pretrial writ. The second — a true ex post facto violation — is not forfeitable under Iep-pert.[7]
In this case, unlike Phillips, another offense that arose from the same conduct was not time-barred. Had Heilman said that he did not want to waive his statute-of-limitations claim to the misdemeanor, the prosecutor could say, “Fine. The grand jury will return a felony indictment this afternoon.” This misdemeanor information was easily “reparable” by charging the state-jail felony offense of tampering with a governmental record, which has a three-year statute of limitations and was not time-barred.[8] Although the face of the indictment looks as if the charge were time-barred, a glance at the plea papers and deferred-adjudication judgment and conditions of probation shows that, unlike Phillips, Heilman explicitly waived his right to complain about the statute of limitations concerning the misdemeanor in return for the prosecutor’s act of not ob-taming a felony indictment for which the statute of limitations had not run. As the state has consistently argued, Heilman “ ‘benefited handsomely from his bargain,’ ”[9] and he cannot complain now.[10] In comparison, Phillips went to trial and benefitted not at all. And, before this Court, the state, represented by the State Prosecuting Attorney, conceded that the state was mistaken at trial and on direct appeal and that the statute of limitations had run in 1993, four years before the Legislature passed the extension of the statute of limitations on which the state had relied.
‘ This situation is the converse of that addressed by the Supreme Court in Spazi-ano v. Florida.[11] In that ease, the defendant was being tried on capital-murder charges, but, at the jury-charge conference, the trial judge refused to charge the jury on the lesser-included offenses of murder and manslaughter because the defendant refused to waive the statute of limitations, which had already run on those offenses.[12] On appeal, the defendant com- - plained that he should not be required to waive one substantive right — reliance on the statute of limitations — to obtain the benefit of another substantive right — instructions on lesser-included offenses.[13] The Supreme Court held that the defen *176 dant could not have his cake and eat it, too. The defendant was entitled to make his choice: instructions on the lesser-included offenses if he waived the statute of. limitations on those lesser offenses or no lesser-included instructions if he did not waive the limitations claim.[14] We held the same in State v. Yount; the defendant may either waive the statute of limitations and obtain instructions on lesser-included offenses or insist upon the statute of limitations and forego lesser-included instruction on offenses that are otherwise time-barred.[15]
The bottom line in those cases is that the statute of limitations may be expressly waived in special circumstances when the limitations statute does not protect the defendant’s or society’s interests.[16] As a public-policy matter, when the defendant may still be prosecuted for acts that are not barred by a statute of limitations and arose from the same criminal episode, the limitations statute does not provide full protection to the defendant, and the rationale for the rule does not apply.[17]
There is no question that, if the special prosecutor had indicted Heilman for the state-jail felony offense of tampering with a governmental record (an .offense that was not time-barred), Heilman could and would have waived the statute of limitation's if he pled guilty to the lesser-included misdemeanor offense even though it was technically time-barred.[18] The re *177 verse is also true: If an indictment or information charging the misdemeanor offense of tampering with a governmental record is time-barred, but the state-jail felony offense of tampering with a governmental record is not,[19] then a defendant may expressly waive reliance on the statute of limitations and plead to the misdemeanor offense to avoid indictment and trial on the corresponding felony offense.
In sum, Heilman could, and did, expressly waive his right to rely upon the statute of limitations in pleading guilty to the misdemeanor offense of tampering with a governmental record in exchange for the state’s agreement not to indict him on the state-jail felony tampering offense for which the statute of limitations had not run. But because the Court goes too far and overrules the easily distinguishable Phillips, I must dissent.
ALCALA, J.,
filed a dissenting opinion.
Because it unnecessarily overrules this Court’s recent precedent in Phillips v. State, I respectfully dissent from this Court’s judgment reversing the court of appeals’ affirmance of the order granting post-conviction habeas corpus relief to Eric Michael Heilman. See Phillips v. State, 362 S.W.3d 606, 608-10 (Tex.Crim.App.2011); State v. Heilman, 413 S.W.3d 503, 508 (Tex.App.-Beaumont 2013). The majority opinion determines that it is necessary to entirely overrule Phillips, a distinguishable case involving an ex post facto claim, in order to resolve this relatively simple appeal involving an ordinary statute-of-limitations claim, but I disagree. I would reverse the court of appeals’ holding that the trial court lacked jurisdiction and instead remand the case to that court for further consideration of Heilman’s claim on the merits. See Heilman, 413 S.W.3d at 507-08. Because it goes too far in delving into the ex post facto issues that were at the heart of this Court’s holding in Phillips, but which are not implicated in the present appeal, I cannot join this Court’s majority opinion, nor can I agree with its decision to resolve the merits of Heilman’s claim on that basis.
I. Background
The facts of this case involve a simple claim, raised for the first time in an application for a writ of habeas corpus, that a conviction was absolutely barred by the running of the statute'of limitations. Heil-man had agreed to plead guilty to the misdemeanor offense of tampering with a governmental record in exchange for the State’s agreement not to pursue felony charges against him, and he was placed on deferred adjudication. Although the two-year statute of limitations had already run at the time of his guilty plea, Heilman waived his limitations defense, as indicated by his signature on the Deferred Adjudication Order, which states, “Defense waives statute [of] limitation per Judge Flores.”
After his successful completion of deferred adjudication, Heilman filed an application for a writ of habeas corpus. In response to Heilman’s application, the ha-beas court determined that “the prosecution for the misdemeanor offense was, in the words and plain sense of the charging document ‘on its facet,]’ barred by the applicable statute of limitations.” Id. at 506. The habeas court dismissed the in *178 formation and vacated the deferred adjudication order. Id. On appeal, the court of appeals affirmed the habeas court’s order granting relief. Id. at 508. Relying on this Court’s opinion in Phillips, it determined that, although generally a statute-of-limitations bar is not jurisdictional, that rule does not apply to “ ‘pure law’ challenges, where the charging instrument shows on its face that the prosecution is absolutely barred by the statute of limitations.” Id. at 507 (citing Phillips, 362 S.W.3d at 617-18). It further cited this Court’s opinion in Ex parte Smith for the proposition that, “ ‘[wjhen the face of the pleading shows that the offense charged is barred by limitations, that pleading is so fundamentally defective that the trial court does not have jurisdiction and habeas relief should be granted.’ ” Id. at 508 (quoting Ex parte Smith, 178 S.W.3d 797, 802 (Tex.Crim.App.2005) (citations and quotation marks omitted)). Applying these principles to Heilman’s case, the court of appeals determined that, given that the statute of limitations had already run at the time of his plea of guilty, “the information, on its face, charged an offense the State could no longer prosecute, and one over which the trial court did not have jurisdiction.” Id.
II. It Is Unnecessary to Overrule Phillips In Its Entiréty
Contrary to the majority opinion’s determination that it cannot resolve Heilman’s appeal without overruling Phillips in its entirety, I conclude that it is unnecessary and unadvisable for this Court to overrule Phillips’s core holding that an ex post facto violation occurred in that case. See Phillips, 362 S.W.3d at 616. Heilman’s claim does not involve the application of retroactive legislation, nor does it implicate the Ex Post Facto Clause in any way, and, therefore, it is beyond the proper scope of our review to revisit Phillips’s holding with respect to those matters in the course of resolving this appeal. I would, therefore, more narrowly address only the “pure law” language from Phillips, and I would reserve judgment as to the correctness of Phillips ⅛ ex post facto analysis until that issue is properly presented by the facts of a future case.
A. Unnecessary to Disturb Phillips Court’s Analysis of Ex Post Facto Claim
As the first step in its analysis in Phillips, the Court addressed the merits of Phillips’s claim that his 2007 convictions for sexual offenses committed in 1982 and 1983 violated the Ex Post Facto clauses of the state and federal constitutions. See id. at 610-16 (discussing “absolute” right to be free from ex post facto laws, and holding that Phillips’s ex post facto claim was “valid”). The basis for Phillips’s complaint was that, by applying a 1997 amendment to the statute of limitations in such a way as to resurrect his prosecution for otherwise time-barred offenses, his convictions violated the Ex Post Facto Clause. Id. at 607-08. Because his offenses had been “extinguished by the running of limitations” in 1993, those offenses, he contended, “could not be revived by the 1997 version of the statute of limitations” without violating that constitutional prohibition. Id. at 609-10. After the court of appeals rejected his argument, this Court granted Phillips’s petition for discretionary review to determine whether the “appellate court improperly applied] the decision in Stogner v. California, 539 U.S. 607, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003)[J allowing convictions for offenses which had been extinguished by the running of limitations and thereby violat[ing] the ex post facto provisions of the Texas and Federal Constitutions[.]”
Addressing the merits of Phillips’s ex post facto complaint, the Court held that *179 the application of the amended statute of limitations to Phillips’s conduct violated the Ex Post Facto Clause. Phillips, 362 S.W.3d at 616. It stated that “prosecution under the 2007 indictment ... was absolutely barred by the statute of limitations in 1993. These charges could not be resurrected by a 1997 statute extending the statute of limitations for sexual offenses.” Id. at 607; see also id. at 613 (explaining principle that, to comply with Ex Post Facto Clause, “a statute of limitations may be extended by the [Legislature, but a prosecution within the new time period will be permitted only if the limitations period had not already run before the law was changed”). Although the Court in Phillips observed that the 1997 amendment contained a standard savings clause and thus was “not an ex post facto law on its face,” the Court nevertheless held that the statute’s “application to a situation in which the statute of limitations had already run before its enactment violates that constitutional provision.” Id. at 616; see also id. at 610 (determining that the Ex Post Facto Clause applies “not only to laws that are facially retroactive, but also to laws that are applied retroactively”) (citations omitted).
As the court of appeals in this case indicated, unlike the complaint in Phillips, Heilman’s claim does not implicate or rely upon the Ex Post Facto Clause in any way, and the court of appeals did not address that aspect of Phillips in reaching its holding. See Heilman, 413 S.W.3d at 507 n.l (distinguishing Phillips because it “dealt with an ex post facto claim. Court action, not an ex post facto law, was under consideration in the habeas proceeding in this case.”). The core holding in Phillips— that application of an amended statute of limitations to conduct for which the prior limitations period had already run results in an ex post facto violation — is irrelevant to our resolution of Heilman’s claim, which, by contrast, involves a relatively straightforward argument that prosecution was absolutely barred by the running of the statute of limitations. Compare Phillips, 362 S.W.3d at 616, with Heilman, 413 S.W.3d at 507-08. This Court should accordingly limit its reevaluation of Phillips to those matters that are called into question by the facts of this case.
Judicial restraint and stare decisis counsel against the majority opinion’s approach in revisiting matters that are beyond the scope of the issue presently before us. In Rangel v. State, this Court cautioned that “[jjudicial restraint and prudence prevent us from reaching out and grabbing issues simply because they are interesting and important. We will exercise our discretionary review authority only where the issues are properly presented for our consideration.” 250 S.W.3d 96, 98 (Tex.Crim.App.2008). And “stare decisis should generally be followed, because it promotes judicial efficiency and consistency, it fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.” Hammock v. State, 46 S.W.3d 889, 892-93 (Tex.Crim.App.2001) (citing Proctor v. State, 967 S.W.2d 840, 844 (Tex.Crim.App.1998)). These principles all counsel against the majority opinion’s decision to overrule the ex post facto holding in Phillips, which involved a discrete claim that application of an amended statute of limitations had resulted in an ex post facto violation, and which is not properly presented for our review because it was neither addressed by the court of appeals nor called into question by the facts of this case.
B. Phillips ’s “Pure Law” Discussion Must Be Overruled
Although I disagree with this Court’s majority opinion’s decision to overrule Phillips ⅛ holding as to the merits of the *180 ex post facto claim in that case, I agree with its determination that it is necessary to reevaluate, and ultimately overrule, some problematic language in Phillips indicating that a “pure law” statute-of-limitations claim, even one that does not implicate ex post facto concerns, constitutes a category-one, non-forfeitable right. See Phillips, 362 S.W.3d at 608, 616-19; Marin v. State, 851 S.W.2d 275, 279 (Tex.Crim.App.1993).
In Phillips, after initially concluding that Phillips had presented a meritorious ex post facto claim, the Court then addressed the State’s argument that Phillips had nevertheless forfeited his complaint by failing to raise it in the trial court. 362 S.W.3d at 617. In the course of rejecting that argument, the Phillips Court initially explained that the right to be free from ex post facto laws is a category-one, non-waivable right. Id. at 611-12 (describing claims based on Ex Post Facto Clause as implicating an “absolute right — a first category Marin right,” which “cannot be waived or forfeited”) (citing Marin, 851 S.W.2d at 279; Ieppert v. State, 908 S.W.2d 217, 220 (Tex.Crim.App.1995)). That rationale, standing alone, would have constituted an adequate basis upon which to hold that Phillips had not forfeited his ex post facto complaint. . Phillips should have stopped there, but instead, in dicta, it went on to discuss law that was unnecessary to its holding and that has become problematic in its broader application to this case.
In response to the State’s argument that relief should be foreclosed by this Court’s precedent in Proctor, the Court in Phillips broadly indicated that the Proctor rule was inapplicable to all situations where the indictment shows on its face that prosecution is barred by the running of the statute of limitations. See id. at 616-18; Proctor, 967 S.W.2d at 844. Specifically, to address the State’s argument that Proctor had held that a defendant forfeits a statute-of-limitations defense if he does not assert it at or before the guilt stage of trial, Phillips stated,
Proctor governs statute-of-limitations defenses that are based on facts (challenging a pleading that includes a “tolling paragraph,” “explanatory aver-ments,” or even “innuendo allegations,” that suffice to show that the charged offense is not, at least on the face of the indictment, barred by limitations), not [to those based on] pure law (challenging an indictment that shows on its face that prosecution is absolutely barred by the statute of limitations). The pleading that gives rise to a limitations factual defense is reparable. The pleading that gives rise to a statute-of-limitations bar is not. The first is forfeited unless raised before or during the trial and cannot be raised in a pretrial writ. The second — a true ex post facto violation— is not forfeitable under Ieppert.
Phillips, 362 S.W.3d at 617-18 (citations omitted). It is this passage from Phillips that the court of appeals relied upon in concluding that, even in situations lacking any suggestion of an ex post facto violation, a “pure law” limitations claim implicates a categorical right that cannot be waived or forfeited'and constitutes an absolute bar to prosecution. See Heilman, 413 S.W.3d at 507-08. And it is this aspect of Phillips that must now be overruled. In suggesting that a “pure law” situation would always result in a non-forfeitable, categorical bar to prosecution, this portion of the discussion in Phillips was unnecessary to its holding with respect to what it had characterized as the category-one Marin right that was at issue there, namely, the ex post facto violation based on the application of new legislation affecting the limitations period. See Phil *181 lips, 362 S.W.3d at 611-12.[1] By including, in dicta, broader language that would apply even to category-three Marin rights that were not at issue in Phillips, this portion of Phillips was inconsistent with Proctor. See id. at 617-18; Proctor, 967 S.W.2d at 844. I disagree that this broader language necessarily should be interpreted as constituting part of the Court’s holding in Phillips given that the facts of that case did not involve an ordinary statute-of-limitations claim. But because this erroneous principle from Phillips was the basis for the court of appeals’ holding that the trial court lacked jurisdiction over Heilman’s case, I would overrule this broader language and hold that Proctor applies to claims involving an ordinary lapse of a limitations period where there is no argument that any legislation has extended a limitations period, such as the claim presented here by Heilman. See Heilman, 413 S.W.3d at 507-08; Proctor, 967 S.W.2d at 844.
III. Conclusion
Because I am unpersuaded by the majority opinion’s determination that it is necessary to overrule Phillips’s ex post facto analysis in order to resolve the present appeal, I would adhere to stare decisis with respect to that holding until this Court is properly called upon to consider it in a future case. I would more narrowly limit the holding in this case to overrule only the “pure law” discussion in Phillips, and I would accordingly reverse the court of appeals’ determination that the trial court lacked jurisdiction over Heilman’s case. Because the majority opinion addresses matters that are beyond the scope of proper review and resolves Heilman’s claim on the basis of an unwarranted rehashing of ex post facto principles, I respectfully dissent.

. 362 S.W.3d 606 (Tex.Crim.App.2011).

. See State v. Yount, 853 S.W.2d 6, 9 (Tex.Crim.App.1993) (when defendant requested that the jury be instructed on the lesser-included offense, he was estopped from complaining that his conviction of that lesser offense was barred by limitations).

. In fact, Heilman did not originally raise this claim; the habeas judge did.

. 362 S.W.3d 606 (Tex.Crim.App.2011). Serendipitously, we delivered our opinion in Phillips just nine days before Heilman’s probation was formally discharged.

. Id. at 617.

. Id.

. Id. (citing Ieppert v. State, 908 S.W.2d 217 (Tex.Crim.App.1995).

. Tex.Code Crim Proc. art. 12.01(6); see State v. Collier, 285 S.W.3d 133, 135 (Tex.App.-Houston [1st Dist.] 2009, no pet.) ("The statute of limitations for the state jail felony of tampering with a governmental record is three years.”).

. State v. Heilman, 413 S.W.3d 503, 508 (Tex.App.-Beaumont 2013) (quoting prosecutor).

. See Rhodes v. State, 240 S.W.3d 882, 891 (Tex.Crim.App.2007) ("[o]ne who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity or propriety thereof, or any part thereof, on any grounds; nor can he reject its burdensome consequences. The only exception to this principle is for challenges to the subject-matter jurisdiction of the court rendering the judgment.”) (internal quotation marks and citation omitted).

. 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984).

. Id. at 450, 104 S.Ct. 3154.

. Id. at 455, 104 S.Ct. 3154. '

. Id. at 456, 104 S.Ct. 3154. The Court explained,
If the jury is not to be tricked into thinking that there is a range of offenses for which the defendant may be held accountable, then the question is whether Beck requires that a lesser included offense instruction be given, with the defendant being forced to waiye the expired statute of limitations on those offenses, or whether the defendant should be given a choice between having the benefit of the lesser included offense instruction or asserting the statute of limitations on the lesser included offenses. We think the better option is that the defendant be given the choice.
Id. As the Supreme Court made clear, waiver of the statute of limitations in this context may protect the interests of the jury and those of society, as well as the defendant.

. State v. Yount, 853 S.W.2d 6, 9 (Tex.Crim.App.1993).

. See Hulsey v. State, — So.3d —, CR-13-0357, 2014 WL 4957734, at *2 (Ala.Crim.App. Oct. 3, 2014) ("Notwithstanding the fact that in certain special circumstances where the bar of the statute may be expressly waived when it does not operate in the defendant’s favor, ... under ordinary circumstances the bar of the statute is not waived by a mere failure to assert it, and the statute of limitations may be properly asserted on appeal or in a petition for post-conviction relief.") (citing Spaziano; other internal citations omitted); Cartagena v. State, 125 So.3d 919, 921 (Fla.Dist.Ct.App.2013) (defendant may expressly waive statute of limitations in return for instructions on lesser-included offenses if certain procedures are followed); People v. Brocksmith, 237 Ill.App.3d 818, 178 Ill.Dec. 536, 604 N.E.2d 1059, 1065 (1992) ("If a defendant wishes to seek a lesser offense and try for the possible compromise verdict, he must be willing to accept the consequences of that decision, even if it means conviction of a crime for which the statute of limitations has expired."), affirmed, 162 Ill.2d 224, 205 Ill. Dec. 113, 642 N.E.2d 1230 (1994). See generally, Alan L. Adelstein, Conflict of the Criminal Statute of Limitations with Lesser Offenses at Trial, 37 Wm. & Mary L.Rev. 199 (1995); Tim A. Thomas, Annotation, Waivability of Bar of Limitations Against Criminal Prosecution, 78 A.L.R.4A 693 (1990); Annotation, Conviction of Lesser Offense, Against Which Statute of Limitations Has Run, Where Statute Has Not Run Against Offense With Which Defendant Is Charged, 47 A.L.R.2d 887 (1956).

. See Cartagena, 125 So.3d at 921.

. " By statute, a district court is permitted to try a misdemeanor that is included within a felony offense, even though the misdemeanor would not otherwise be subject to that court’s jurisdiction.” McKinney v. State, 207 S.W.3d 366, 376 (Tex.Crim.App.2006). See Tex.Code *177 Crim. Proc., arts. 4.05 (jurisdiction of district courts), 4.06 (when felony includes misdemeanor).

. The pertinent distinction between the misdemeanor and state-jail felony offenses of tampering with a governmental record is that, to establish the felony, the state must prove that the defendant intended to "harm or defraud another” when he made a false entry in a governmental record. Tex. Penal Code § 37.10(c)(1).

. This Court's majority and concurring opinions suggest that the Phillips Court erred by deciding that a category-one right was at issue in that case and that Phillips's dissenting opinion was correct in its assessment that, because the amended statute of limitations contained a savings clause, an ordinary lapse of limitations was actually at issue there. See Phillips v. State, 362 S.W.3d 606, 619 (Keller, P.J., dissenting). But this Court should not decide cases based upon how a dissenting opinion characterized certain facts. The bottom line is that the majority opinion in Phillips decided the case under the theory that a category-one right was at issue because of the new legislation extending the statute of limitations in that case. Even if the majority opinion in Phillips was erroneous in its ultimate holding with respect to that matter given the existence of a savings clause, this case does not involve new legislation, a savings clause, or any of the constitutional principles this Court addressed in deciding that a category-one right was implicated in Phillips. The limiting principle of stare decisis requires that we not overrule precedent based upon the inclusion of dicta when that precedent is procedurally and factually distinguishable.