NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-173

COMMONWEALTH

vs.

MICHAEL WILLIAMS.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2010, a Superior Court jury convicted the defendant of two counts of aggravated rape and one count of assault with intent to rape. In April 2024, the defendant filed his third motion for a new trial, claiming that the indictments for which he was found guilty fell outside the statute of limitations. After a Superior Court judge denied the motion for a new trial, the defendant filed a timely appeal. We affirm.

Discussion. Although the defendant appeals from the order denying his third motion for a new trial, which was based on a claim that he was indicted outside the relevant statute of

---

[1] Also known as Michael Johnson.

limitations, he does not raise that argument in his brief on appeal.[2]  We are not required to consider arguments not properly raised in a party's brief, and we decline to do so here.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

However, even if we were to consider the statute of limitations, the defendant's claim is unavailing.  The defendant's convictions stemmed from two separate indictments.  On March 29, 2005, the defendant was indicted for an aggravated rape that occurred on April 10, 1990.  On May 4, 2005, the defendant was indicted for aggravated rape and assault with intent to rape, both occurring on or about May 6 to 7, 1990.  Pursuant to G. L. c. 277, § 63, at the time that the defendant was indicted, the statute of limitations for rape and assault with intent to rape was fifteen years.[3]  Because March 29, 2005,

_____

[2] The defendant's appellate brief instead raises new arguments about deoxyribonucleic acid test results and comparisons, which were not the basis of the present motion for a new trial and, in any event, were resolved by a panel of this court in the defendant's appeal from the order denying his second motion for a new trial.  See Commonwealth v. Williams, 102 Mass. App. Ct. 1109 (2023).

[3] In 1987, the statute of limitations for aggravated rape and assault with intent to rape was ten years.  In 1996, that statute of limitations for aggravated rape and assault with intent to rape was amended to fifteen years.  Because the statute of limitations was amended before the initial ten year period elapsed, the defendant could be indicted within fifteen years.  See Commonwealth v. Rocheleau, 404 Mass. 129, 130 (1989).

was within fifteen years of April 10, 1990, and May 4, 2005, was within fifteen years of May 6, 1990, the defendant was indicted within the statute of limitations for all three counts.  See Commonwealth v. Dixon, 458 Mass. 446, 454-455 (2010).  Therefore, were we to consider the substance of the defendant's appeal on the statute of limitations issue, we would conclude that the judge properly denied the motion for a new trial.  See Commonwealth v. Fanelli, 412 Mass. 497, 504 (1992) (judge may grant motion for new trial only if it appears justice may not have been done).

Order dated January 28, 2025, denying motion for new trial, affirmed.

By the Court (Grant, Brennan & Smyth, JJ.[4]),

Clerk

Entered:  November 20, 2025.

---

[4] The panelists are listed in order of seniority.